# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael L. Lansdale,<br><br>        Plaintiff,<br><br>v.<br><br>UPS Supply Chain Solutions, Inc.,<br><br>        Defendant. | Civ. No. 16-4106 (JRT/BRT)<br><br><br><br>**ORDER ON JOINT MOTION TO SEAL** |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing (Doc. No. 204) for documents related to Plaintiff's Motion for Partial Summary Judgment (Doc. No. 26) and Defendant's Motion for Summary Judgment (Doc. No. 41). Local Rule 5.6 governs the filing of documents under seal in this District. The Local Rule establishes a uniform process for filing information under seal in civil cases to reduce the amount of information that is sealed in civil cases and ensure that a person's right to keep confidential or sensitive information secret is considered and balanced against the public's right to access. The present motion illustrates a textbook example of "the parties filing too much information under seal in civil cases." D. Minn. LR 5.6 advisory committee's notes to 2017 amendment.

First, the parties have provided a list of documents that should be unsealed. The Clerk will be directed to unseal the documents proposed by the parties. The Court observes, however, that there was no basis for sealing some of these documents in the

first place. (*See* Doc. No. 36, Aff. of Thomas E. Glennon in Supp. of Pl.'s Mot. for Partial Summ. J.) Counsel are advised to review Local Rule 5.6(c) in the future.

Next, the Court addresses the documents that the parties believe should remain under seal. The Court has counted over 130 documents that the parties seek to keep under seal. A list of the remaining documents at issue is set forth below:

>Document No. 27 (statement instead of redacted document at Doc. No. 39);
>Document No. 29 (statement instead of redacted document at Doc. No. 39);
>Document Nos. 30-35 (statement instead of redacted document at Doc. No. 39);
>Document Nos. 43-59 (statement instead of redacted document at Doc. No. 114);
>Document Nos. 61-63 (statement instead of redacted document at Doc. No. 114);
>Document No. 65 (statement instead of redacted document at Doc. No. 114);
>Document No. 67 (statement instead of redacted document at Doc. No. 114);
>Document No. 69 (statement instead of redacted document at Doc. No. 114);
>Document Nos. 72-73 (statement instead of redacted document at Doc. No. 114);
>Document Nos. 75-76 (statement instead of redacted document at Doc. No. 114);
>Document Nos. 78-79 (statement instead of redacted document at Doc. No. 114);
>Document Nos. 81-94 (statement instead of redacted document at Doc. No. 114);
>Document Nos. 96-109 (statement instead of redacted document at Doc. No. 114);
>Document Nos. 112-113 (statement instead of redacted document at Doc. No. 114);
>Document No. 116 (statement instead of redacted document at Doc. No. 123);
>Document Nos. 118-122 (statement instead of redacted document at Doc. No. 123);
>Document Nos. 125-126 (statement instead of redacted document at Doc. No. 138);
>Document Nos. 130-136 (statement instead of redacted document at Doc. No. 138);
>Document No. 139 (statement instead of redacted document at Doc. No. 191);
>Document Nos. 141-146 (statement instead of redacted document at Doc. No. 191);
>Document No. 149 (statement instead of redacted document at Doc. No. 191);
>Document Nos. 151-190 (statement instead of redacted document at Doc. No. 191);
>Document No. 193 (statement instead of redacted document at Doc. No. 200);
>Document Nos. 195-196 (statement instead of redacted document at Doc. No. 200);
>Document Nos. 198-199 (statement instead of redacted document at Doc. No. 200); and
>Document No. 201 (statement instead of redacted document at Doc. No. 200).

These documents were filed in support of or in opposition to a dispositive motion that is scheduled for hearing on June 13, 2018. "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). The public's right of access "is not absolute, but requires a weighing of competing interests." *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980 (D. Minn. June 10, 2016). "Specifically, the district court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. The weight that the court gives to the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* (internal citations and quotation marks omitted). "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). And only the portions of the record that require sealing should be sealed. *SEC v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001).

Local Rule 5.6 operates to allow parties to *temporarily* designate documents as confidential only: (a) if the filing party contends the document is confidential; (b) the document has been designated confidential or proprietary by another party; and (c) or is otherwise entitled to protection from disclosure under a statute, rule, order, or other legal authority. D. Minn. LR 5.6(c)(2). After filing, the parties must file a Joint Motion Regarding Continued Sealing and briefly describe the document and explain why the

3

parties agree that the document should remain sealed. This Court's Scheduling Order makes clear that the "[d]esignation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal does not satisfy this requirement." (Doc. No. 12.) This point is also emphasized in the 2017 Advisory Committee Note to Local Rule 5.6.

There are three fundamental concerns with the parties Joint Motion. First, in order to be subject to sealing protection, the information must *be confidential*. *See* D. Minn. LR 5.6(c)(1). The Court initially observes that it appears that much of the information under seal is not confidential because the Complaint itself discloses it or discloses the same general subject matter that the parties are now trying to keep under seal. (*See* Doc. No. 1.) The Answer and Counterclaim filed is detailed and documents are attached. (Doc. No. 5.) In addition, a short narrative of the claims and defenses are included in the parties' filed Rule 26(f) report. (Doc. No. 10.)

Second, the Court is not persuaded that the parties have carefully reviewed the documents to confirm that any allegedly confidential information is actually subject to protection. Federal Rule of Civil Procedure 26(c) provides good guidance on the type of information that may be subject to a protective order. This includes requiring "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The rules also provide that certain identifiers be redacted in court filings. For example, minors are to be identified by their initials. Social Security numbers, tax-identification numbers, and financial-account numbers should be redacted. And only the years should be disclosed for

birth dates. *See, e.g.*, Fed. R. Civ. P. 5.2. Home addresses may be subject to protection under certain circumstances. Of course, counsel—not the Court— is responsible for identifying other information that is confidential and subject to protection under a rule, statute, or other law. The examples above are only illustrative.

The Court has reviewed a select number of under seal exhibits and has concerns that they do not actually contain confidential information subject to protection. For example, Docket No. 34 is listed as a document including confidential and internal investigation and medical information; however, the Court finds no such information. The document at Docket No. 44 is described as revealing "confidential employment and internal investigation information." The Court finds no basis for asserting confidentiality on any content in this document. The same is true for Docket Nos. 45 and 46.

Third, the parties take the position that it is impracticable to redact any of the temporarily under seal information from the memoranda and affidavits that list exhibits. The Advisory Committee Notes state, "Outside of the context of discovery disputes, parties should only rarely file a statement that a document cannot be redacted. If a document reasonably can be redacted, the document must be redacted." D. Minn. LR 5.6 advisory committee's notes to 2017 amendment. In this Court's view, it is almost never impracticable to redact a memorandum of law that is filed in support of or opposition to a motion. In addition, the Court has reviewed the under seal affidavits that list and attach exhibits. The Court does not see any reason why the affidavits describing the exhibits could not be redacted to block confidential information (if any truly confidential

information is actually embedded). Therefore, the Court finds that it is not impracticable to prepare a redacted version of all briefs and affidavits describing exhibits.

Given the status of the filings and parties' submission, this Court will not spend additional judicial resources reviewing the documents until they are re-reviewed by counsel to confirm: (a) whether additional documents should be unsealed; (b) that the information is truly confidential and subject to protection; and (c) that redaction is impracticable. An amended joint motion is due on or before **May 30, 2018**. The Court will review this submission and issue a decision on the remaining documents.

The Court recognizes that significant work will be required by counsel to meet the requirements of Local Rule 5.6 and this Order. While the Court gives the parties the benefit of the doubt that the hundreds of exhibits filed were necessary to support and oppose summary judgment, much of this additional work could have been avoided by more carefully considering the standards for under seal filings and the requirements of Local Rule 5.6 in the first place.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The joint motion (Doc. No. 204) is Granted in Part and Denied in Part.

2. The Clerk of Court is directed to **unseal** the following documents 28 days after the issuance of this Order unless a timely motion for further consideration is filed under Local Rule 5.6(d)(3):

   Document No. 36;
   Document No. 60;
   Document No. 64;
   Document No. 66:
   Document No. 68;
   Document No. 70;
   Document No. 71;
   Document No. 74;

    Document No. 77;
    Document No. 80;
    Document No. 95;
    Document No. 110;
    Document No. 111;
    Document No. 127;
    Document No. 128;
    Document No. 129;
    Document No. 137;
    Document No. 138;
    Document No. 140;
    Document No. 147;
    Document No. 148;
    Document No. 150;
    Document No. 194; and
    Document No. 197.

3. Counsel is required to file redacted versions of the following documents on or before **May 30, 2018**:

    Document No. 27;
    Document No. 29;
    Document No. 43;
    Document No. 64;
    Document No. 116;
    Document No. 125;
    Document No. 129;
    Document Nos. 139-140 and;
    Document Nos. 193-194.

4. An Amended Joint Motion to Seal on the remaining documents that the parties seek to keep under seal must be filed on or before **May 30, 2018**. If the parties propose redactions for any of the remaining documents, they must deliver a courtesy binder of those documents to chambers showing the proposed redactions in yellow highlight on or before **May 30, 2018**. Do not file the proposed redactions yet. The Court will review and direct the parties on whether their proposed redacted versions may be filed. No other redacted versions, except for those listed in paragraph 3 are allowed until a further order is issued.

Date: May 10, 2018

                                                *s/ Becky R. Thorson*
                                                BECKY R. THORSON
                                                United States Magistrate Judge