# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL L. LANSDALE, | Civil No. 16-4106 (JRT/BRT) |
| Plaintiff/Counter Defendant, | |
| v. | **ORDER ON SEALING OF COURT'S SUMMARY JUDGMENT ORDER** |
| UPS SUPPLY CHAIN SOLUTIONS, INC., | |
| Defendant/Counter Claimant. | |

Thomas E. Glennon, **THOMAS E. GLENNON, P.A.**, 4900 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for plaintiff/counter defendant.

Sarah B. C. Riskin, Jason Hungerford, Joseph G. Schmitt, and Donald M. Lewis, **NILAN JOHNSON LEWIS PA**, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402, for defendant/counter claimant.

The Court previously ordered the parties to show cause why the Court should not unseal its Memorandum Opinion and Order on Summary Judgment (the "Order") and to specify any portions of the Order that warrant redaction. (Mem. Op. and Order on Mots. for Summ. J. ("Summ. J. Order") at 26, Aug. 17, 2018, Docket No. 237.) Because the Order references some sealed information, the Court will order that it remain sealed. However, because the public has a right to access judicial opinions, the Court will file a redacted version of the Order with redactions limited to portions of the Order that reference information that remains sealed and redacted in the record.

**DISCUSSION**

Federal Rule of Civil Procedure 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Whether to seal case records is a discretionary decision by the presiding court. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Yet there is a "common law presumption in favor of public access to judicial records," *U.S. v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996), which is "'especially strong' as it relates to judicial opinions," *Schedin v. Ortho-McNeil-Janssen Pharm., Inc.*, No. CIV. 08-5743, 2011 WL 1831597, at *4 (D. Minn. May 12, 2011) (quoting *Doe v. Exxon Mobile Corp.*, 570 F. Supp. 2d 49, 51 (D.D.C. 2008)).

Lansdale argues that the Order should remain sealed or that lengthy portions should be redacted for two reasons: (1) many of the exhibits and much of the deposition testimony in the record were designated by the parties as "confidential" and filed under seal; and (2) the Order omits important material facts and may thus be misinterpreted by the public – including prospective employers – as portraying Lansdale in a negative light. (Pl.'s Mem. to Show Cause at 2-4, Aug. 30, 2018, Docket No. 238.) The Court finds that neither argument supports keeping the entire order under seal or redacting the lengthy portions proposed by Lansdale.

As to Lansdale's first argument, it is true that some documents referenced in the Summary Judgment Order were initially marked "Confidential" and filed under seal pursuant to a protective order. (*See* Protective Order, Mar. 8, 2017, Docket No. 14.) But nearly all of those documents have since been unsealed or made public in redacted form.

(*See* Order on Cont'd Sealing, May 10, 2018, Docket No. 205; Order on Cont'd Sealing, June 6, 2018, Docket No. 212.) Consequently, most of the information referenced in the Order is already publicly available. The Court will not seal or redact portions of the Order that reference publicly available information. However, to the extent that the Order references information that remains under seal and redacted, the Court will redact it.

Lansdale's second argument fails to overcome the presumption in favor of public access. The public has a right to understand the Court's decision and the reasoning behind it. *In re Vitamins Antitrust Litig.*, 357 F. Supp. 2d 50, 51-52 (D.D.C. 2004). Risk of reputational harm, especially miniscule risk based on the public's possible misperception of the Court's preliminary findings, is insufficient to overcome the public's right of access. *Newman v. Gen. Motors Corp.*, No. CIV.A. 02-135, 2008 WL 5451019, at *7 (D.N.J. Dec. 31, 2008). The Order makes clear that many disputes of material fact remain and does not purport to exhaustively present the circumstances of Lansdale's termination. Furthermore, most of the information that Lansdale contends was omitted in the Court's Order is also drawn from unsealed records and therefore publicly accessible.

The Court finds that sealing the entire Order or redacting the lengthy portions proposed by Lansdale is unwarranted. The Court will order that the Order remain sealed and will file a redacted version, with redactions limited to information that remains both sealed and redacted in the record.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Memorandum Opinion and Order on Motions for Summary Judgment [Docket No. 237] remain **SEALED** and a redacted version be filed as described herein.

DATED: October 10, 2018                          ___s/John R. Tunheim_____
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                                      United States District Judge