UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael L. Lansdale, | Court File No. 16-CV-04106 JRT-BRT |
| Plaintiff, | **DECLARATION OF WILLIAM NORRIS** |
| v. | |
| UPS Supply Chain Solutions, Inc., | |
| Defendant. | |

I, William Norris, state and declare as follows:

1.     I am a Director of Human Resources with United Parcel Service, Inc. ("UPS"), the parent company to Defendant UPS Supply Chain Solutions, Inc.  I have been employed with UPS since September 30, 1981, and in the Director role since June 1, 2006.  I make this declaration of my own personal knowledge based on information I have acquired during my career with UPS.

2.     UPS allows employees to voluntarily self-disclose disability status, and UPS maintains records of such self-disclosures.  However, UPS does not otherwise maintain a database or system to identify which of its employees, or whether any particular employee, has a disability.

3.     UPS does not have an all-inclusive, centralized database that would allow it to readily identify all employees who have violated its corporate credit card or employee expense reimbursement policies.  Such policy violations can be detected in any number of ways, including, for example, through standard audits, calls or emails through UPS's internal reporting processes, "one-off" investigations, and concerns based on a manager's

or other employee's suspicion.  Investigations and discussions of potential violations can be initiated by several functional areas, including, for example, UPS's Helpline, Corporate Compliance, Procurement, Security, and Human Resources.  In my experience, managers have contacted me when they suspected a policy violation, and I worked with them to investigate and resolve the violations on a case-by-case basis.  I have worked with Procurement on investigations, and I have also worked with Corporate Security.  UPS might learn about a policy violation because someone makes an anonymous report.

      4.      UPS does not have standardized reporting or documentation requirements across each of its corporate functions.  There are hundreds of Human Resources supervisors, managers, and directors assigned to multiple business units within UPS who might have knowledge about or involvement in investigations related to corporate credit cards or employee expense reimbursements, but there is no universal requirement regarding the manner of maintaining records related to violations.  Records may be stored on function-specific databases, shared drivers, servers, personal computers, or in hard-copy files, which might include hand-written documents.  Although some functions may require certain reports or documentation, any requirement applicable to one function may not apply to another.

      5.      Determining every violation of UPS's corporate credit card or employee expense reimbursement policies, and the discipline imposed for each, would be a massive undertaking that would require obtaining information from any number of individuals and across several different departments.  UPS would not have a single system-wide method of gathering this information.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Executed on November 21, 2018.

                                                  */s/ William Norris*
                                                  William Norris

4831-6545-3696