# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MICHAEL L. LANSDALE,

               Plaintiff,

vs.

UPS SUPPLY CHAIN SOLUTIONS, INC.,

               Defendant.

Case No. 016-cv-04106 JRT/BRT

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

General Instructions

1.    Instructions for Use Before Voir Dire ........................................................ 3

2.    Instructions at End of Voir Dire ................................................................ 6

3.    General:  Nature of Case; Burden of Proof; Duty of Jury; Cautionary...... 7

4.    Evidence; Limitations.................................................................................. 9

5.    Bench Conferences and Recesses ............................................................ 11

6.    No Transcript Available; Notetaking ....................................................... 12

7.    Conduct of the Jury .................................................................................. 13

8.    Outline of Trial ........................................................................................ 17

9.    Duties of Jury: Recesses........................................................................... 18

10.    Explanatory: Demonstrative Summaries Not Received as Evidence ...... 19

11.    Explanatory: Rule 1006 Summaries......................................................... 20

12.    Deposition Evidence at Trial.................................................................... 21

13.    Impeachment—Inconsistent Statement or Conduct................................. 22

14.    Explanatory: Additional Instructions ...................................................... 23

15.    Duty of Jury.............................................................................................. 24

16.    Judge's Opinion........................................................................................ 25

17.    Credibility of Witnesses ........................................................................... 26

18.    Burden of Proof ....................................................................................... 27

19.  Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form ....................................... 28

20.  ADA and MHRA Claims ........................................................................ 30

21.  Definition: Disability................................................................................ 31

22.  Elements of Claim: Disparate Treatment (Actual Disability).................. 32

23.  Elements of Claim: Disparate Treatment (Perceived Disability)............ 33

24.  Definition: Actually Motivated ............................................................... 34

25.  Explanatory: Disparate Treatment "Same Decision".............................. 35

26.  Employment Misconduct ......................................................................... 36

27.  Elements of Claim: Unlawful Disability Inquiry .................................... 37

28.  Definition: Job-Related and Consistent with Business Necessity............ 38

29.  Business Judgment ................................................................................... 39

30.  Compensatory Damages—Actual ........................................................... 40

31.  Damages—Burden of Proof ..................................................................... 42

32.  Damages—Punitive .................................................................................. 43

4833-2477-6826

**1.     Instructions for Use Before Voir Dire**

Members of the Jury Panel, if you have a cell phone or other communication device, please take it out now and turn it off.  Do not turn it to vibration or silent; power it down.  (Pause for 30 seconds to allow them to comply, then tell them the following:)

If you are selected as a juror, (briefly advise jurors of your court's rules concerning cellphones, cameras and any recording devices).

You may tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court.  If you do so, you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. Furthermore, you must not post any information on any social media or a social network, or communicate with anyone about the parties, witnesses, participants, [claims] [charges]. evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions.  That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

Also, while you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case.  Thus, for example, do not talk face-to-face or use any electronic device or social media or in any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

3

Do not do any research—on the Internet, through social media, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The important reasons for your not talking with anyone about the case is that the parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the Rules of Evidence, the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you throughout the trial could result in the case having to be retried. And failure to follow these instructions could also result in you being held in contempt of the court and punished accordingly.

4833-2477-6826

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?  (And then continue with other voir dire.)

**Authority: Model Civ. Jury Instr. 8th Cir. 1.01 (2018).**

**2.      Instructions at End of Voir Dire**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends.  Do not allow anyone to discuss the case with you or within your hearing.  "Do not discuss" also means do not e-mail, send text messages, blog, or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account or streamed video account or listen to any streamed internet or radio program on the subject of this trial.  Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly based solely on the evidence received in court and my instructions on the law.  If you decide this case on anything else, you will have done an injustice.  It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

**Authority:  Model Civ. Jury Instr. 8th Cir. 1.02 (2018).**

3.        **General:  Nature of Case; Burden of Proof; Duty of Jury; Cautionary**

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors.  At the end of the trial I will give you more instructions.  I may also give you instructions during the trial. All instructions—those I give you now and those I give you later are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks.  However, you are not allowed to have those devices in the jury room during your deliberations.  You may give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate.  They will be returned to you when your deliberations are complete."]

Plaintiff claims that he was terminated as a result of an actual or perceived disability: alcoholism. UPS denies terminating Plaintiff for any actual or perceived disability, and asserts that it terminated Plaintiff for improper use of his corporate credit card and deceptive expense reporting.

You will be asked to determine why Plaintiff was terminated and whether Plaintiff is entitled to recover damages from UPS.  It will be your duty to decide from the evidence whether Plaintiff is entitled to a verdict against UPS.

Your duty is to decide what the facts are from the evidence.  You are allowed to consider the evidence in the light of your own observations and experiences.  After you

7

have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions.  That is how you will reach your verdict.  Only you will decide what the facts are.  However, you must follow my instructions, whether you agree with them or not.  You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you.  The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what [I think of the evidence or] I think your verdict should be.


**Authority:  Model Civ. Jury Instr. 8th Cir. 1.03 (2018).**

**4.     Evidence; Limitations**

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence.  I will tell you now what is not evidence:

1.     Lawyers' statements, arguments, questions, and comments are not evidence.

2.     Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.     Objections are not evidence. Lawyers have a right—and sometimes a duty—to object when they believe something should not be a part of the trial.  Do not be influenced one way or the other by objections.  If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information.  When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4.     Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5.     Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it [unless I specifically tell you otherwise].

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose.  If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for.  [You need to pay close attention when I give an instruction about evidence that you can consider for only

certain purposes, because you might not have that instruction in writing later in the jury room.]

[Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.]

**Authority:  Model Civ. Jury Instr. 8th Cir. 1.04 (2018); Minn. Prac., Jury Instr. Guides - CIVJIGs 10.25, 10.30 (6th ed.)**

**5.** **Bench Conferences and Recesses**

During the trial, I will sometimes need to talk privately with the lawyers.  I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers.  Either way, please understand that while you are waiting, we are working.  We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes.  We will do what we can to limit the number of these conferences and to keep them as short as possible.

**Authority:  Model Civ. Jury Instr. 8th Cir. 1.05 (2018).**

**6.      No Transcript Available; Notetaking**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

[If you wish, however, you may take notes to help you remember what witnesses say.  If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented.  The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them _____.]

[When you leave at night, your notes will be locked up and returned to you when you return.  When the trial is over your notes will be destroyed.  They will not be read by anyone other than you.]

**Authority:  Model Civ. Jury Instr. 8th Cir. 1.06 (2018).**

7.      **Conduct of the Jury**

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me].  If someone tries to talk to you about the case [during the trial], please report it to the [bailiff] [deputy clerk].  (Describe person.)

*Fourth*, during the trial, do not speak to any of the parties, lawyers, or witnesses in this case—not even to pass the time of day.  It is important not only that you do justice in this case, but also that you act accordingly.  If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is just about the weather—that might raise a suspicion about your fairness.  So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you [must] understand that they are not being rude.  They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial.  You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know

13

about this case, or talk about this case in front of you.  But, you must not communicate with anyone or post information in any manner about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so.  If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions.  That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.  During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device.  Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on an Internet chat room, blog, or other websites such as Facebook, MySpace, YouTube, or Twitter.  In other words, do not communicate with anyone about this case—except for the other jurors during deliberations—until I accept your verdict.

*Sixth*, do not do any research—on the Internet, in libraries, newspapers, or otherwise—and do not investigate this case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.  Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

*Seventh*, do not read or otherwise receive any information, includng any news stories or Internet articles or blogs that are about the case, or about anyone involved with it.  Do not listen to any radio or television reports or digital streaming, about the case or about anyone involved with it.  [In fact, until the trial is over I suggest that you avoid reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts at all.]  I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case.  If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over.  [I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to [decide it] [return a just verdict].

The parties have a right to have you decide their case based only on evidence admitted here in court.  If you research, investigate, or experiment on your own, or get information from other [places] [sources], your verdict might be influenced by inaccurate, incomplete, or misleading information.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination.  All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process.  If you decide a case based on information not admitted in court, you will deny the parties a fair trial.  You will deny them justice.  Remember, you have taken an oath to follow the rules, and you must do so.  [If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.]

15

*Eighth*, do not make up your mind during the trial about what your verdict should be.  Keep an open mind until after you and your fellow jurors have discussed all the evidence.

**Authority:  Model Civ. Jury Instr. 8th Cir. 1.08 (2018).**

**8.      Outline of Trial**

The trial will proceed in the following manner:

First, Plaintiff's lawyer may make an opening statement.  Next, Defendant's lawyer may make an opening statement.  An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, Plaintiff will then present evidence. Defendant's lawyer will have a chance to cross-examine Plaintiff's witnesses.  After Plaintiff has finished presenting his case, Defendant may present evidence, and Plaintiff's lawyer will have a chance to cross-examine his witnesses.

[After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence.  Just as with opening statements, closing arguments are not evidence.  After the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.]

**Authority:  Model Civ. Jury Instr. 8th Cir. 1.09 (2018).**

**9.      Duties of Jury: Recesses**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends.  Do not allow anyone to discuss the case with you or within your hearing.  "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any the subject of this trial.  Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law.  If you decide this case on anything else, you will have done an injustice.  It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

**Authority:  Model Civ. Jury Instr. 8th Cir. 2.01 (2018).**

**10.     Explanatory: Demonstrative Summaries Not Received as Evidence**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records or other underlying evidence in the case.  Those charts or summaries are used for convenience.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

**Authority: Model Civ. Jury Instr. 8th Cir. 2.11 (2018).**

**11.    Explanatory: Rule 1006 Summaries**

You will remember that certain summary charts were admitted as Defense Exhibits 278, 279, and 280. You may use those summary charts as evidence, even though the underlying documents and records are not here. [However, the accuracy of those summary charts has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way they were prepared.]

**Authority: Model Civ. Jury Instr. 8th Cir. 2.12 (2018).**

**12.     Deposition Evidence at Trial**

Testimony will now be presented to you in the form of a deposition.  A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial.  The deposition testimony to be offered [was recorded in writing and now will be read to you] [was electronically videotaped and that recording now will be played for you].  You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.  [You should not place any significance on the manner or tone of voice used to read the witness's answers to you.]

**Authority:  Model Civ. Jury Instr. 8th Cir. 2.14 (2018).**

21

### 13.    Impeachment—Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

**Authority: 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.).**

**14.     Explanatory: Additional Instructions**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions—the ones I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important.  This is true even though I am not going to repeat some of the instructions I gave you at the beginning of or during the trial.

You will have copies of the instructions I am about to give you now in the jury room.  You will have copies of some of the instructions with you in the jury room; others you will not have copies of.  This does not mean some instructions are more important than others.  Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

**Authority: Model Civ. Jury Instr. 8th Cir. 3.01 (2018).**

15.     **Duty of Jury**

The questions that you must decide will be submitted to you in the form of a

Special Verdict consisting of [10] questions.  You must answer these questions by

applying the facts as you may find them to be.  I shall give to you the rules of law that

apply to these questions and you must apply them in arriving at your answers.  It is the

duty of the court to order judgment according to the law and the answers you have

returned.

You must perform your duties as jurors without bias or prejudice as to any party.

The law does not permit you to be governed by sympathy, prejudice, or public opinion.

All parties expect that you will carefully and impartially consider all of the evidence,

follow the law as it is now being given to you, and reach a just verdict, regardless of the

consequences.  This case should be considered and decided by you as an action between

persons of equal standing in the community, of equal worth, and holding the same or

similar stations of life.  All persons stand equal before the law and are to be dealt with as

equals in a court of justice.

**Authority: 4 Minn. Prac., Jury Instr. Guides - CIVJIG 10.45 (6th ed.).**

**16.     Judge's Opinion**

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

[During this trial I have asked some questions of witnesses.  Do not try to guess my opinion about any issues in the case based on the questions I asked.]

**Authority:  Model Civ. Jury Instr. 8th Cir. 3.02 (2018).**

4833-2477-6826

**17.     Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way, how a witness acted while testifying, whether a witness said something different at another time, whether a witness's testimony sounded reasonable, and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

**Authority:  Model Civ. Jury Instr. 8th Cir. 3.03 (2018).**

4833-2477-6826

**18.      Burden of Proof**

You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  It applies in criminal cases, but not in this civil case; so put it out of your mind.

**Authority:  Model Civ. Jury Instr. 8th Cir. 3.04 (2018).**

**19.    Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form**

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should.  But, do not come to a decision just because other jurors think it is right, or just to reach a verdict.  Remember you are not for or against any party. You are judges—judges of the facts.  Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the [marshal] [bailiff] [court security officer] and I will answer you as soon as I can, either in writing or here in court.  While you are deliberating, do not tell anyone—including me—how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions.  Nothing I have said or done was meant to suggest what I think your verdict should be.  The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case.  [The form reads: (read form)].  You will take [this] form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date, and tell the [marshal] [bailiff] [court security officer] that you are ready to return to the courtroom.

**Authority:  Model Civ. Jury Instr. 8th Cir. 3.06 (2018)**

20.     **ADA and MHRA Claims**

It is unlawful under the federal Americans with Disabilities Act ("ADA") and the Minnesota Human Rights Act ("MHRA") for an employer to terminate the employment of a qualified individual with a disability because of his or her disability.

**Authority: 42 U.S.C. § 12112(a); Minn. Stat. § 363A.08, subd. 2(2).**

**21.    Definition: Disability**

The term "disability" includes a physical or mental impairment that substantially limits one or more major life activities of such individual;

Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

**Authority: 42 U.S.C. § 12102; Minn. Stat. § 363A.08, subd. 2(2);** *Kammueller v. Loomis, Fargo & Co.*, **383 F.3d 779, 784 (8th Cir. 2004).** *See also St. Martin v. City of St. Paul*, **680 F.3d 1027, 1030 (8th Cir. 2012) (applying ADA definitions to MHRA)***; Wells v. BNSF Railway Co.*, **Civil No. 17-cv-807 (JNE/FLN), 2017 WL 5513626, at \*4 (D. Minn. Nov. 16, 2017) (same).**

4833-2477-6826

**22.      Elements of Claim: Disparate Treatment (Actual Disability)**

Your verdict must be for Plaintiff Michael Lansdale and against Defendant UPS if all of the following elements have been proved:

*First*, the Plaintiff suffered from alcoholism; and

*Second,* such Plaintiff's alcoholism substantially limited the Plaintiff's ability to perform the essential functions of his employment; and

*Third*, the Defendant terminated Plaintiff due to his alcoholism; and

*Fourth*, the Plaintiff could have performed the essential functions of Regional Sales Manager at the time the Defendant terminated Plaintiff's employment; and

*Fifth*, the Defendant knew of the Plaintiff's alcoholism and [the Plaintiff's alcoholism actually motivated the Defendant's decision to terminate Plaintiff's employment] [the Defendant would not have discharged Plaintiff but for Plaintiff's alcoholism].

If any of the above elements has not been proved, then your verdict must be for the Defendant.

**Authority:  Model Civ. Jury Instr. 8th Cir. 6.40, 9.40 (2018);** *LaPoint v. Family Orthodontics, P.A.*, **892 N.W.2d 506 (Minn. 2017).**

**23.  Elements of Claim: Disparate Treatment (Perceived Disability)**

Your verdict must be for Plaintiff Michael Lansdale and against Defendant UPS if all of the following elements have been proved:

*First*, Defendant knew or believed Plaintiff had alcoholism; and

*Second*, Defendant believed Plaintiff's alcoholism was a physical or mental impairment; and

*Third,* Defendant terminated Plaintiff's employment due to his perceived alcoholism;

*Fourth,* Plaintiff could have performed the essential functions of Regional Sales Manager at the time Defendant terminated Plaintiff's employment; and

*Fifth,* Defendant's belief regarding Plaintiff's alcoholism actually motivated Defendant's decision to terminate Plaintiff's employment.

If any of the above elements has not been proved, then your verdict must be for Defendant.

**Authority:  See Model Civ. Jury Instr. 8th Cir. 9.41 (2018)**

24.     **Definition: Actually Motivated**

The plaintiff was terminated because of an actual or perceived disability if the disability "actually motivated" the defendant's decision.  The term "actually motivated," as used in these instructions, means that a reason, alone or with other reasons, was a substantial causative factor in the employment decision.

**Authority:** *LaPoint v. Family Orthodontics, P.A.*, 892 N.W.2d 506 (Minn. 2017); Model Civ. Jury Instr. 8th Cir. 5.21 (2018)

**25.**   **Explanatory: Disparate Treatment "Same Decision"**

If you find in favor of the plaintiff under Instructions Nos. 22 and 23, then you must answer the following question in the verdict form: "Would UPS have terminated Mr. Lansdale's employment even if it had not considered his disability or perceived disability."

**Authority:** *See* **Model Civ. Jury Instr. 8th Cir. 9.01 (2018)**

**26.** **Employment Misconduct**

An employer may hold an employee who is an alcoholic to the same qualification standards for employment or job performance and behavior that it holds other employees, even if any unsatisfactory performance or behavior is related to the alcoholism of such employee.

An employer does not need to tolerate misconduct, even if the misconduct is caused by a disability.

**Authority: 42 U.S.C. § 12114(c)(4);** *Larson v. Koch Ref. Co.*, **920 F. Supp. 1000 (D. Minn. 1996).**

**27.    Elements of Claim: Unlawful Disability Inquiry**

It is unlawful under the Americans with Disabilities Act for an employer to make inquiry of an employee as to whether the employee is an individual with a disability, or to make inquiry of the employee as to the nature or severity of the disability, unless such inquiry is shown to be job-related and consistent with business necessity.

Your verdict must be for Plaintiff Michael Lansdale and against Defendant UPS if all of the following elements have been proved:

*First*, the Defendant made an inquiry of the Plaintiff as to whether he had a disability, or made an inquiry of the Plaintiff as to the nature or severity of the disability;

*Second,* the inquiry was not job-related or consistent with business necessity; and

*Third,* the inquiry caused the termination of employment.

If any of the above elements has not been proved, then your verdict must be for Defendant UPS.

**Authority: 42 U.S.C. § 12112(d)(4)(A); *Cossette v. Minn. Power & Light*, 188 F.3d 964, 970 (8th Cir.1999)**

**28      Definition: Job-Related and Consistent with Business Necessity**

It is "job-related and consistent with business necessity" for an employer to make inquiries designed to ascertain the cause of an employee's misconduct, if the employer can identify legitimate, non-discriminatory reasons to suspect an employee has engaged in misconduct.  Inquiries regarding an employee's disability status must be no broader or intrusive than necessary.

**Authority: *Thomas v. Corwin*, 483 F.3d 516 (8th Cir. 2007).**

29.     **Business Judgment**

You may not return a verdict for Plaintiff if UPS believed in good faith – even if mistaken – that Plaintiff committed the misconduct for which he was terminated, or because you might disagree with Defendant's decision, or believe it to be harsh or unreasonable.

**Authority:  Model Civ. Jury Instr. 8th Cir. 5.02 (2018);** *McCollough v. Univ. of Arkansas for Med. Scis.,* **534 F.3d 855, 861-62 (8th Cir. 2009);** *Walker v. AT&T Techs.,* **995 F.2d 846 (8th Cir. 1993).**

4833-2477-6826

**30.     Compensatory Damages—Actual**

If you find in favor of the Plaintiff in response to Question No. 3 or No. 7 on the Special Verdict Form, then you must award the Plaintiff such sum as you find will fairly and justly compensate the Plaintiff for any damages you find the Plaintiff sustained as a direct result of the termination of his employment.  The Plaintiff's claims for damages includes distinct types of damages and you must consider them separately.

*First*, you must determine the amount of any wages and fringe benefits the Plaintiff would have earned in his employment with the Defendant if he had not been terminated on March 31, 2016 through the date of your verdict, minus the amount of earnings and benefits that the Plaintiff received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by the Plaintiff, such as mental anguish or emotional stress.  You must enter the separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

Plaintiff has a duty under the law to "mitigate" his damages—that is, to exercise reasonable diligence under the circumstances to minimize his damages.  Therefore, if you find in favor of Plaintiff, but it has been proved that Plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, or if you find that he failed to exercise reasonable diligence to maintain employment once located, you must

reduce his damages by the amount he reasonably could have avoided if he had sought

out, taken advantage of, or maintained such an opportunity.

**Authority: Model Civ. Jury Instr. 8th Cir. 9.70 (2018);** *E.E.O.C. v. Delight Wholesale Co.*, **973 F.2d 664, 670 (8th Cir.1992); 4 Minn. Prac., Jury Instr. Guides – CIVJIG 91.47 (6th ed.).**

4833-2477-6826

**31.**     **Damages—Burden of Proof**

A Plaintiff asking for damages must prove the nature, extent, duration, and consequences of his harm.

You must not decide damages based on speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

**Authority: 4 Minn. Prac., Jury Instr. Guides – CIVJIG 90.15 (6th ed.); Model Civ. Jury Instr. 8th Cir. 9.70 (2018).**

4833-2477-6826

**32.**  **Damages—Punitive**

[Note: By proposing text for a jury instruction on punitive damages, Defendant

UPS does not concede that Plaintiff is entitled to such an instruction. Defendant intends

to move under Fed. R. Civ. Proc. 50 for dismissal of Plaintiff's claim for punitive

damages.]

In addition to the damages mentioned in the other instructions, the law permits the

jury under certain circumstances to award punitive damages.

If you find in favor of the Plaintiff in response to Question No. 3 or No. 7, then

you must decide whether the Defendant acted with malice or reckless indifference to the

Plaintiff's right not to be discriminated against on the basis of a disability. The Defendant

acted with malice or reckless indifference if:

> it has been proved that Cris Florence knew that the termination was in
> violation of the law prohibiting disability discrimination, or acted with
> reckless disregard of that law.

However, you may not award punitive damages if it has been proved [that the

Defendant made a good-faith effort to comply with the law prohibiting disability

discrimination.

If it has been proved that the defendant acted with malice or reckless indifference

to the Plaintiff's rights [and did not make a good faith effort to comply with the law,]

then, in addition to any other damages to which you find the Plaintiff entitled, you may,

but are not required to, award the Plaintiff an additional amount as punitive damages for

the purposes of punishing the Defendant for engaging in such misconduct and deterring

the Defendant and others from engaging in such misconduct in the future. You should

presume that the Plaintiff has been made whole for his injuries by the damages awarded under Instruction 30.

In determining whether to award punitive damages, you should consider whether the Defendant's conduct was reprehensible. In this regard, you may consider whether the harm suffered by the Plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the Defendant's conduct that harmed the Plaintiff also caused harm or posed a risk of harm to others; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the Plaintiff.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.      How much harm the Defendant's wrongful conduct caused the Plaintiff. [You may not consider harm to others in deciding the amount of punitive damages to award.]

2.      What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for its wrongful conduct toward the Plaintiff and to deter the Defendant and others from similar wrongful conduct in the future;

3.      [The amount of fines and civil penalties applicable to similar conduct].

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the Plaintiff.

4833-2477-6826

You may not award punitive damages against the Defendant for conduct in other states.

**Authority: Model Civ. Jury Instr. 8th Cir. 9.72 (2018); Minn. Stat. § 549.20;** *Kruszka v. Novartis Pharms. Corp.*, **19 F. Supp. 3d 875, 898 (D. Minn. 2014); 4 Minn. Prac., Jury Instr. Guides – CIVJIG 94.10 (6th ed.).**

Dated:  December 3, 2018          **NILAN JOHNSON LEWIS PA**


By:   s/Sarah B. Riskin
         Donald M. Lewis, Reg. No. 62844
         Sarah B. Riskin, Reg. No. 0388870
         120 South Sixth Street, Suite 400
         Minneapolis, MN   55402-4501
         (612) 305-7500 (telephone)
         (612) 305-7501 (fax)
         dlewis@nilanjohnson.com
         sriskin@nilanjohnson.com

         *Attorneys for Defendant*

4833-2477-6826