# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael L. Lansdale, | Civ. No. 16-4106 (JRT/BRT) |
| Plaintiff, | |
| v. | *SEALED* ORDER |
| UPS Supply Chain Solutions, Inc., | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Modify the Pretrial Scheduling Order, to Modify the Discovery Deadline for Limited Purposes, to Compel Discovery for Limited Purposes, and for Other Relief. (Doc. No. 253.) For the reasons stated below, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff filed this lawsuit and it was removed to federal court on December 7, 2016. (Doc. No. 1.) A Pretrial Scheduling Order was entered on February 10, 2017. (Doc. No. 12.) The Court adopted the parties' recommendation[1] that "the parties must commence fact discovery procedures in time to be completed on or before September 15, 2017." (*Id.*) The deadline for filing non-dispositive motions relating to fact discovery was also set for September 15, 2017. (*Id.*) The Pretrial Scheduling Order provided that the "parties must meet and confer to resolve fact and expert discovery disputes when they

---

[1] The Court notes that the parties also agreed in their Rule 26(f) Report that they would "substantially produce documents by June 15, 2017, to facilitate the taking of depositions. (Doc. No. 10.)

arise, and if unresolved, bring discovery disputes promptly to the Court's attention." (*Id.* at 4.) The Scheduling Order also required the parties to request an informal conference to discuss discovery disputes before any discovery motion is filed. (*Id.*) The Court provided clear instructions on non-dispositive motion practice and also offered an Informal Dispute Resolution process. (*Id.*)

A settlement conference was set for October 2, 2017. (Doc. No. 16.) The parties submitted a stipulation to amend the deadline for fact discovery and for the filing of non-dispositive motions relating to fact discovery. (Doc. No. 17.) The stipulation proposed a two-week extension of the deadline for the close of discovery and the corresponding non-dispositive motion deadline to accommodate three depositions and supplemental document production. The parties represented that "all written discovery and document production by the Parties is substantially complete." (*Id.*) An Amended Pretrial Scheduling Order was issued moving the fact discovery deadline and corresponding non-dispositive motion deadline to September 29, 2017. (Doc. No. 19.)

The parties participated in a settlement conference on October 2, 2017, however, a settlement was not reached at that time. (Doc. No. 20.) On November 3, 2017, an informal conference regarding discovery was held. (Doc. No. 22.) Following that conference, the parties presented a proposed amended schedule relating only to expert discovery. (Doc. No. 23.) The Court entered an amended order modifying the schedule for expert discovery. (Doc. No. 25.) No fact discovery issues were raised.

On February 20, 2018, Plaintiff filed a Motion for Partial Summary Judgment. (Doc. No. 26.) Defendant filed its Motion for Summary Judgment on March 9, 2018.

(Doc. No. 41.) A second settlement conference was held on March 19, 2018. (Doc. No. 124.) No settlement was reached. (*Id.*) On June 13, 2018, a hearing on the dispositive motions was held. (Doc. No. 214.) Chief Judge John R. Tunheim issued his Memorandum and Opinion and Order on the Motions for Summary Judgment on August 17, 2018. (Doc. No. 237.) A Jury Trial Notice was issued on September 4, 2018, setting trial for December 3, 2018. (Doc. No. 242.) An Amended Jury Trial Notice was issued on November 6, 2018, setting trial for January 3, 2019. (Doc. No. 252.) A final settlement conference was held on October 30, 2018. (Doc. No. 245.) No settlement was reached. (Doc. No. 251.)[2]

The day before the settlement conference, on October 29, 2018, Plaintiff sent Defendant a discovery deficiency letter. (Doc. No. 256, Affidavit of Thomas Glennon ("Glennon Aff.") Ex. 7.) Specifically, Plaintiff demanded responses to Interrogatory Nos. 23 and 24 and Document Request Nos. 25 and 26. (*See id.*) Defendant timely objected to any discovery responsive to these requests in April 2017. (Glennon Aff., Exs. 1 and 2.) Plaintiff did not pursue responses to this discovery until sending the October 29, 2018 discovery deficiency letter. This fact discovery dispute was first presented to the Court for resolution on November 13, 2018. Plaintiff then filed his Motion to Amend and Motion to Compel on November 15, 2018. (Doc. No. 253.) Defendants' responded on

---

[2] The undersigned magistrate judge conducted the settlement conference consistent with Local Rule 16.5 and the Order for Settlement Conference. (Doc. No. 245.) At the settlement conference, Plaintiff's counsel disclosed that it had sent the October 29, 2018 discovery deficiency letter to Defendant's counsel. Thus, this information was not identified as confidential pursuant to L.R. 16.5(d).

November 21, 2018. (Doc. No. 258.) The Court contacted the parties on November 26, 2018, to set a hearing and a hearing was held on December 4, 2018. (Doc. No. 299.)

## DISCUSSION

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* L.R. 16.3(b)(1). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)); *see also Scheidecker v. Arvig Enterprises*, 193 F.R.D. 630, 631 (D. Minn. 2000) ("[T]he 'good cause' standard [of Rule 16(b)] is an exacting one, for it demands a demonstration that the existing schedule cannot be reasonably be met despite the diligence of the party seeking the extension."); Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

"While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717 (citation omitted); *see also Archer Daniels Midland v. Aon*, 187 F.R.D. 578, 582 (D. Minn. 1999) (stating Rule 16(b) does not look at prejudice to the non-moving party) (citing *Luigino's, Inc. v. Pezrow Cos., Inc.*, 178 F.R.D. 523, 525 (D. Minn. 1998)). In short, Rule 16(b) focuses on "the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excuses, inclusive or

4

inadvertence and neglect, which commonly undergird an untimely Motion to Amend." *Archer Daniels Midland*, 187 F.R.D. at 582 (citations omitted). Local Rule 16.3 provides that "[e]xcept in extraordinary circumstances, before the passing of a deadline that a party moves to modify, the party must obtain a hearing date on the party's motion to modify the scheduling order." *Matson Logistics Services, LLC v. Smiens*, No. 12-400 (ADM/JSM), 2013 WL 12284469, *2 (D. Minn. Sept. 9, 2013).

Defendant's objections to the discovery now sought were made in April 2017. (Glennon Aff., Exs. 1 and 2.) Plaintiff did not move to compel answers to the objected-to written discovery responses. Aware of Defendant's objections, Plaintiff did not craft new discovery requests relating to Mr. Flowers. Plaintiff let the fact discovery deadline expire without any approach to this Court.

Plaintiff was aware of the information Defendant filed in support of its summary judgment papers in March 2018. (*See* Glennon Aff. ¶¶ 8–9.) Indeed, Plaintiff's awareness is memorialized in the hearing transcript. (*See* Doc. No. 249, 6/13/18 Hr'g Tr. 7–8.) Plaintiff also did not approach this Court to seek an amendment to reopen discovery following the summary-judgment hearing on June 13, 2018, when the subject of the unanswered discovery was raised. At no time prior to November 13, 2018, however, did Plaintiff attempt to compel discovery or seek to amend the Scheduling Order.

In *Adams v. Citimortgage, Inc.*, the defendant moved to compel discovery responses and to amend the pretrial scheduling order after the deadline for completing fact discovery and for bringing non-dispositive motions. Civ. No. 12-11 (SRN/JSM), 2013 WL 12145855, at *2 (D. Minn. Dec. 9, 2013) (denying motion to compel discovery

5

responses and to amend the pretrial scheduling order). The defendant had served discovery requests during the discovery period but plaintiff never responded. *See id.* There, the court reasoned that –

> [w]hile clearly plaintiff should have answered the written discovery served upon her (and has offered no explanation as to why she did not), it is not the conduct of plaintiff that is at issue here. Once defendant received no response to its discovery, it was incumbent upon it to take appropriate steps to protect its interests and bring a motion to compel when responses were not forthcoming . . . . Instead, defendant waited almost a year after the responses to its discovery were due to bring the present motion to compel, a clear violation of the pretrial scheduling order. Had defendant been diligent, it would have moved to compel the outstanding discovery prior to April 4, 2013, or sought to amend the dates for completion of discovery and nondispositive motions prior to the deadlines. Instead, defendant made the tactical decision to pursue no discovery or relief from this Court within the timeframes afforded by the Court. This is a strategic decision that defendant was within its right to make, but one that it made at its own peril.

*Id.* Similarly here, Plaintiff made a strategic decision not to pursue this discovery until the eve of trial.

Plaintiff argues that reopening fact discovery now is warranted based on new information he "recently" received in October 2018, after fact discovery closed. As background, on August 9, 2017, Plaintiff Lansdale testified that he had personally heard through Chris Florence that a man by the name of Stephen Flowers had violated corporate card or reimbursement policies. Lansdale was asked and answered as follows:

> Q. In this interrogatory you were asked to identify other individuals who are similarly situated to you who you think were treated more favorably than you.
>
> Who is Stephen Flowers?
>
> A. He was the president of global freight for UPS's business unit.

> Q. Do you contend that you and he are similarly situated?
>
> A. He was put on reassignment.
>
> Q. Is the RSM role at the same organizational level in the hierarchy as a president?
>
> A. No.
>
> Q. How do you know that he was put on reassignment?
>
> A. I was told.
>
> Q. By whom?
>
> A. Mr. Florence.
>
> Q. What did Mr. Florence tell you about Mr. Flowers?
>
> A. That there was expenses and that he had to apologize to his regional managers, and they put him on into a special assignment to get one more year so he could retire.
>
> Q. What kind of expenses?
>
> A. Something about a trip to Las Vegas for a hockey tournament.
>
> Q. When were you told this?
>
> A. I don't recall.
>
> Q. Do you recall when he was allegedly reassigned?
>
> A. I don't recall.

(Doc. No. 260, Declaration of Sarah B. Riskin ("Riskin Decl.") ¶ 15, Ex. K at 399–400.)

Mr. Florence, however, testified a few days later, on September 6, 2017, denying any awareness:

> Q. Now, let's go back to Mr. Flowers for just a moment.

>       Are you aware of any expense report or expensing issue involving
>       Mr. Flowers in his employment with UPS?
>
> A.    No.
>
> Q.    You ever hear of that?
>
> A.    No.
>
> Q.    Never heard, from any source whatsoever, of any expense issues
>       involving Mr. Flowers?
>
> A.    No.

(Riskin Decl. ¶ 16, Ex. L at 13 – 14.) Plaintiff argues that because Florence denied any awareness, Plaintiff could not have done anything more until recently, in October 2018, when he learned that "Flowers did, in fact, violate one or more UPS corporate credit card and/or expense reimbursement policy(ies), but was not terminated from employment with UPS." (Glennan Aff. ¶ 13.)[3]

Plaintiff's argument is unpersuasive. If anything, Mr. Florence's denial of any awareness provided clear notice to Plaintiff Lansdale and his counsel—prior to the close of fact discovery—that Plaintiff needed to try to obtain this discovery from other sources besides Mr. Florence. As explained above, Plaintiff could have done any number of things to pursue his rights during the discovery period after Defendant made clear it was not going to produce any information in response to Interrogatory Nos. 23 and 24 and

---

[3] The new information included the "identification of persons who were purportedly familiar with Flower's transgressions." *Id.* The Court notes that Plaintiff has not provided any affidavit or declaration to provide the facts or establish the source of the new information. For purposes of Plaintiff's motion, the Court relies on Plaintiff's Counsel's affidavit support.

Document Request Nos. 25 and 26. Plaintiff failed to act with diligence, and as a result, cannot establish good cause to modify the Pretrial Scheduling Order. [4]

## ORDER

Therefore, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Modify the Pretrial Scheduling Order, to Modify the Discovery Deadline for Limited Purposes, to Compel Discovery for Limited Purposes, and for Other Relief (Doc. No. 253) is **DENIED**.

2. This Order is filed under seal. The parties must meet and confer to submit a redacted version of this Order no later than **December 14, 2018**.

Dated: December 7, 2018                     *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge

---

[4] Since Plaintiff has not shown diligence in connection with this Rule 16.3 motion, this Court need not address whether the discovery belatedly sought is within the scope of Rule 26 or whether allowing such discovery at this stage would cause unfair prejudice.