# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Court File No. 16-CV-04106-JRT-BRT

**MICHAEL L. LANSDALE,**

Plaintiff,

v.

**UPS SUPPLY CHAIN SOLUTIONS, INC.,**

Defendant.

**AFFIDAVIT OF THOMAS E. GLENNON IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE NOS. 1-7**

STATE OF MINNESOTA )
                              )ss.
COUNTY OF HENNEPIN )

Thomas E. Glennon, being first duly sworn and on oath, deposes and states as follows:

1. I am a shareholder with the firm of Thomas E. Glennon, P. A., 4900 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, the attorney for Plaintiff Michael L. Lansdale ("Lansdale") in the above action. This Affidavit is respectfully submitted on behalf of Plaintiff Lansdale in opposition to Defendant UPS Supply Chain Solutions, Inc.'s ("UPS") Motions in Limine Nos. 1-7 to preclude/exclude the following evidence:

a. Defendant's Motion In Limine No. 1 to exclude evidence related to Stephen Flowers at the trial of this action;

b. Defendant's Motion in Limine No. 2 to exclude evidence related to reasonable accommodation at the trial of this action;

c. Defendant's Motion In Limine No. 3 to exclude testimony and evidence presented in Plaintiff's Minnesota unemployment compensation proceedings at the trial of this action;

d. Defendant's Motion In Limine No. 4 to exclude evidence regarding Defendant's failure to disclose/produce information and documents sought by Plaintiff in discovery, including Plaintiff's personnel record/file, at the trial of this action;

e. Defendant's Motion in Limine No. 5 to exclude spousal communications, including non-privileged matters and communications about which Plaintiff and his spouse testified at their depositions, at the trial of this action;

f. Defendant's Motion In Limine No. 6 to exclude all (including expert) testimony on Plaintiff's disability status at the trial of this action; and

g. Defendant's Motion in Limine No. 7 to preclude Plaintiff from calling certain current and former UPS officers as witnesses at the trial of this action.

2. Appended to this Affidavit as Exhibit 1 is a true and accurate copy of selected portions of the transcript of the deposition of Herman Gonzales, Defendant UPS's Human Resources Supervisor, which was taken on July 19, 2017 in this action.

3. Appended to this Affidavit as Exhibit 2 is a true and accurate copy of selected portions of the transcript of the deposition of Erika Faifer, Defendant UPS's Security Investigator, which was taken on July 20, 2017 in this action.

4. Appended to this Affidavit as Exhibit 3 is a true and accurate copy of selected portions of the transcript of the deposition of Plaintiff Lansdale which was taken on August 9, 2017 in this action.

5. Appended to this Affidavit as Exhibit 4 is a true and accurate copy of selected portions of the transcript of the deposition of Cristen D. Florence, Defendant UPS's Director of Sales, which was taken on September 6, 2017 in this action.

6. Appended to this Affidavit as Exhibit 5 is a true and accurate copy of selected portions of the transcript of the deposition of Lisa M. Lansdale, Plaintiff's spouse, which was taken on September 27, 2017 in this action.

7. Appended to this Affidavit as Exhibit 6 is a true and accurate copy of selected portions of the transcript of the deposition of Troy Scott, M.D., Plaintiff's treating physician, which was taken on January 16, 2018 in this action.

8. On July 22, 2016, Plaintiff Michael L. Lansdale filed his Charge of Discrimination against Defendant UPS Supply Chain Solutions, Inc. with the U.S. Equal Employment Opportunity Commission with respect to UPS's alleged discrimination against Lansdale.

9. On February 28, 2017, Plaintiff Lansdale served Plaintiff's Requests for Production of Documents and Things to Defendant (First Set) in this action. A true and accurate copy of Plaintiff's Requests for Production of Documents and Things to Defendant (First Set) dated February 28, 2017 is appended to the Affidavit of Thomas E.

Glennon in Support of Plaintiff's Motions in Limine (Doc. No. 281) as Exhibit 3 (Doc. No. 281-3). Plaintiff's Request for Production No. 18 requested Defendant's production of the following documents and things to Plaintiff:

> "**REQUEST NO. 18:** All documents and things concerning or constituting Plaintiff's personnel file/record, including all performance reviews, investigations and/or disciplinary action concerning Plaintiff."
>
> Defendant's Response to Plaintiff's Request for Production No. 18 was as follows:
>
> "**RESPONSE:** Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.
>
> Subject to and without waiving this objection, see previously produced documents and documents produced contemporaneous with these Responses. Discovery and UPS's investigation are continuing, and UPS will produce additional responsive, non-privileged documents, if any."

10. Defendant UPS at no time produced to Plaintiff in response to Request for Production No. 18 Plaintiff's personnel file/record, with Defendant's personnel and legal counsel claiming that the personnel file/record was "lost" or "could not be found".

FURTHER AFFIANT SAYETH NOT.

_____
Thomas E. Glennon

Subscribed and sworn to before me
this 10th day of December, 2018.

_____
Notary Public

JEAN A. MURRA
Notary Public-Minnesota
My Commission Expires Jan 31, 2021

4