# THOMAS E. GLENNON, P.A.
ATTORNEY AT LAW
4900 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MINNESOTA 55402

---

TELEPHONE (612) 332-1400
FACSIMILE (612) 332-1414
TGLENNON@THOMASGLENNON.COM

December 19, 2018

**VIA ECF**

The Honorable John R. Tunheim
Chief Judge, United States District Court
United States District Court
District of Minnesota
15 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415

      Re:    Michael L. Lansdale v. UPS Supply Chain Solutions, Inc.
              Court File No. 16-CV-04106 (JRT/BRT)

Dear Chief Judge Tunheim:

      The parties' attorneys appeared before the Court on Monday, December 17, 2018 at the hearing on the parties' Motions in Limine in the above action. In her argument supporting Defendant's Motion in Limine No. 2 to exclude argument and testimony related to reasonable accommodation (which Defendant indisputably did not offer to Plaintiff) at the trial, Defendant's legal counsel Sarah B. Riskin, Esq. stated, in words or substance, that Plaintiff Lansdale's claims did not include Defendant's denial of reasonable accommodation to Plaintiff Lansdale. In fact, Paragraph 15 of Plaintiff's Complaint asserts as follows:

> "Since at least March 30 and 31, 2016, Defendant UPS has engaged in unlawful employment practices ... [which] include, but are not limited to, UPS's discrimination against and termination of the employment of Plaintiff Lansdale, a qualified individual with a disability, who was able to perform the essential functions of his position, with or without reasonable accommodation, because of his perceived (regarded) or actual disability, alcoholism, **and UPS's termination of the employment of Lansdale based on the need to make reasonable accommodations to his past and present (and/or possible future) physical and/or mental impairments.**" (Emphasis supplies).

      I contacted Defendant's legal counsel (Donald M. Lewis, Esq. and Ms. Riskin) after the hearing on Monday to inform them that I believed it was appropriate for Ms. Riskin/Mr. Lewis to advise the Court of the misstatement that Plaintiff's claims did not include a claim that he was

The Honorable John R. Tunheim
December 19, 2018
Page 2

denied reasonable accommodation which Ms. Riskin had represented to the Court at the argument. While Ms. Riskin acknowledged stating to the Court that "there was a question about whether Mr. Lansdale included a failure to accommodate claim in the Complaint" (which is inaccurate), she denied any misstatement to or misleading the Court. Ms. Riskin sent me an e-mail note indicating that she would not contact the Court to correct or clarify her statement to the Court and requesting that a copy of her e-mail note be included in my correspondence to the Court. A copy of Ms. Riskin's note to me accompanies this letter. Thank you.

                                      Respectfully yours,

                                      THOMAS E. GLENNON, P.A.

                                      Thomas E. Glennon

TEG/jam
Enclosures
cc:    Donald M. Lewis, Esq.
       Sarah B. Riskin, Esq.
       Mr. Michael L. Lansdale



Thomas Glennon <tglennon@thomasglennon.com>

## Motions In Limine Hearing

**Sarah B. Riskin** <SRiskin@nilanjohnson.com>  Mon, Dec 17, 2018 at 4:34 PM
To: Thomas Glennon <tglennon@thomasglennon.com>, "Donald M. Lewis" <dlewis@nilanjohnson.com>

Tom:

I'm not certain why you think I misled the Court. I specifically said there was a question about whether Mr. Lansdale included a failure to accommodate claim in the Complaint, which is why UPS wrote in footnote 15 of its summary judgment brief that it was seeking dismissal of any failure to accommodate claim encompassed in the Complaint. I obviously do not have a transcript of the proceedings, but I recall saying something along the lines of the Complaint containing vague allegations, which is accurate considering the Complaint pleads no facts that would speak to the elements of a failure to accommodate claim. The fact remains that Mr. Lansdale admitted twice under oath that he did not seek a reasonable accommodation. I am truly confused by your position in trying to insert this claim given Mr. Lansdale's testimony. If you still feel the need to contact the Court, please include a copy of this email in your correspondence.

Sarah


**SARAH B. RISKIN**
*Attorney*
612.305.7713
sriskin@nilanjohnson.com

120 South Sixth Street • Suite 400 | Minneapolis • MN 55402
P 612.305.7500 | F 612.305.7501 | www.nilanjohnson.com


-------- Original message --------
From: Thomas Glennon <tglennon@thomasglennon.com>
Date: 12/17/18 3:29 PM (GMT-06:00)
To: "Sarah B. Riskin" <SRiskin@nilanjohnson.com>, "Donald M. Lewis" <dlewis@nilanjohnson.com>
Cc: Thomas Glennon <tglennon@thomasglennon.com>
Subject: Motions In Limine Hearing

[Quoted text hidden]

PRIVILEGE AND CONFIDENTIALITY NOTICE - This message and any attachments may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient or authorized to receive for the recipient, you are notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments.