# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

MICHAEL L. LANSDALE,

                Plaintiff,

                           Civil No. 16-4106 (JRT/BRT)

v.

UPS SUPPLY CHAIN SOLUTIONS,       **THE COURT'S INSTRUCTIONS**
INC.,                                  **TO THE JURY**

                Defendant.

_____

## TABLE OF CONTENTS

1. INTRODUCTION AND GENERAL DUTIES ........................................................ 2
2. COURT'S OPINION ................................................................................................ 3
3. PARTIES .................................................................................................................. 4
4. BIAS AND PREJUDICE ........................................................................................ 5
5. EVIDENCE AND LIMITATIONS .......................................................................... 6
6. REASONABLE INFERENCES ............................................................................... 7
7. BURDEN OF PROOF .............................................................................................. 8
8. CREDIBILITY OF WITNESSES ........................................................................... 9
9. INCONSISTENT STATEMENTS ........................................................................ 10
10. SUMMARY OF THE CASE ................................................................................. 11
11. AMERICANS WITH DISABILITIES ACT AND THE MINNESOTA HUMAN
    RIGHTS ACT ........................................................................................................ 12
12. DEFINITIONS ....................................................................................................... 15
13. BUSINESS JUDGMENT ...................................................................................... 17
14. UNLAWFUL DISABILITY INQUIRY ............................................................... 18
15. DEFINITIONS ....................................................................................................... 19
16. DAMAGES ............................................................................................................ 20
17. DUTY TO MITIGATE ......................................................................................... 22
18. PUNITIVE DAMAGES ........................................................................................ 23
19. NOMINAL DAMAGES ........................................................................................ 26
20. FINAL INSTRUCTIONS ...................................................................................... 27

## 1.  INTRODUCTION AND GENERAL DUTIES

Members of the jury, thank you for your service as jurors in this case.  In these instructions, the Court will explain your duties and responsibilities as jurors.  The Court will also explain the elements of the claims and provide definitions that are relevant for your determinations.

You must follow all of the instructions given to you by the Court.  **All** instructions, whenever given and whether in writing or not, must be followed. You must not single out some instructions and ignore others, because **all** are important.

As jurors, it is your responsibility to decide from the evidence what the facts are. When deciding what the facts are, you may consider the evidence in light of your own observations and experiences in life.

Once you decide what the facts are, it is then your responsibility to apply those facts to the law as given to you in these instructions.  You should reach your verdict by applying the facts to the law.  You are the sole judges of the facts; but you must follow the Court's instructions on the law, even if you thought the law was different or if you think the law should be different.

The lawyers may properly refer to some of the applicable rules of law in their arguments to you.  However, if any difference appears to you between the law as stated by the lawyers and the law as stated by the Court in these instructions, you, of course, must follow the instructions given to you by the Court.

## 2.  COURT'S OPINION

At no time does the Court intend to give any opinion or suggestion as to what your verdict should be – not in these instructions, nor in any of the Court's rulings, actions, or remarks during the trial.

### 3. PARTIES

Michael Lansdale is the **plaintiff** in this case.  He will be referred to as Mr.

Lansdale.  UPS Supply Chain Solutions, Inc., is the **defendant** in this case.  It will be

referred to as "UPS."

## 4.  BIAS AND PREJUDICE

You must decide the case solely on the evidence and the law before you, without bias or prejudice as to any party. All parties expect that you will carefully and impartially consider all of the evidence, follow the law that is being given to you, and reach a just verdict, regardless of the consequences.

It is important that you discharge your duties as jurors without discrimination. Bias regarding the race, ethnicity, religious beliefs, national origin, sexual orientation, gender, or gender identity of the plaintiff, witnesses, and lawyers should play no part in how you exercise your judgment during the trial.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

You must not be influenced by sympathy, prejudice, public opinion, personal likes or dislikes, or bias, including unconscious or implicit bias.  Unconscious or implicit biases are stereotypes, attitudes, or preferences that you may consciously reject but that may affect your judgment without your conscious awareness, control, or intention.

## 5.  EVIDENCE AND LIMITATIONS

The evidence in this case consists of (1) the **testimony** of witnesses, and (2) documents and other things received as **exhibits**.

Please also remember what is not evidence:

- Statements, arguments, questions and comments by lawyers representing the parties in the case.

- Exhibits that are identified by a party but not offered or received in evidence.

- Objections.   Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If the Court sustained an objection to a question, you must ignore the question and not guess what the answer might have been or consider any answer inadvertently given before the Court could sustain the objection.

- Testimony that the Court struck from the record must not be considered.

- Anything you saw or heard about this case outside the courtroom.

You should not be concerned with the terms "direct evidence" and "circumstantial evidence."  You should give all evidence the weight and value you believe it is entitled to receive.

You will remember that certain summary charts were admitted as Defense Exhibits 268, 269, 270, and 271.  You may use those summary charts as evidence, even though the underlying documents and records are not here.

## 6. REASONABLE INFERENCES

You are to base your verdict only on the evidence received in the case. When you consider the evidence, however, you may draw reasonable inferences. In other words, you are not limited solely to what you see and hear as the witnesses testify. If you find that certain facts have been proven, you are permitted to draw reasonable inferences from those facts. "Inferences" are simply deductions or conclusions that reason and common sense lead you to draw from the established facts in the case. Any inferences that you make should be based on your experience and common sense.

## 7.  BURDEN OF PROOF

Except as provided in Instruction 18 (Punitive Damages), your verdict depends on whether you find certain facts have been proven by a "**preponderance of the evidence**," or by the "**greater weight of the evidence**."  In order to find that a fact has been proven by the greater weight of the evidence, you must find that it is **more likely true than not true**.  This determination requires considering all of the evidence and deciding which evidence is more believable.

This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard for criminal cases.  That standard does not apply in a civil case.

## 8. CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, part of what a witness said, or none of what a witness said.

In deciding what testimony to believe, you may consider:

- the witness's intelligence;

- the opportunity the witness had to see or hear the things testified about;

- the witness's memory;

- any motives the witness may have for testifying a certain way;

- the manner of the witness while testifying;

- whether the witness said something different at an earlier time;

- the general reasonableness of the testimony; and

- the extent to which the testimony is consistent with other evidence that you believe.

In deciding whether to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection or lapse of memory or whether it is an intentional falsehood.  That may depend on whether the contradiction has to do with an important fact or only with a small detail.

You must avoid bias, conscious or unconscious, based on a witness's race, ethnicity, religious beliefs, national origin, sexual orientation, gender, or gender identity in your determination of credibility.

## 9.  INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or "impeached" by showing he or she previously made statements which are different than his or her testimony here in Court.

It is the responsibility of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements. If a witness is shown to have knowingly testified falsely concerning any important or material matter, you have a right to distrust such an individual concerning other matters. You may reject all of the testimony of that witness or you may give it as much credibility as you think it deserves.

## 10.  SUMMARY OF THE CASE

The Court will first give you a summary of each side's contentions in this case. The Court will then provide you with detailed instructions on what each side must prove to prevail on each of its contentions.

Plaintiff Michael Lansdale claims that he was illegally terminated from his job as a Region Sales Manager for UPS because of his alcohol-related disability or regarded disability, and that UPS subjected him to prohibited disability-related inquiries.

Defendant UPS, Mr. Lansdale's employer, denies that Mr. Lansdale was terminated because of his actual or regarded disability but was instead terminated because he improperly used his corporate credit card and engaged in deceptive expense reporting. UPS also denies that it subjected Mr. Lansdale to prohibited disability-related inquiries.

## 11.  AMERICANS WITH DISABILITIES ACT AND THE MINNESOTA HUMAN RIGHTS ACT

Both the United States and the State of Minnesota have laws that prohibit employers from terminating their employees because of a disability or because the employer believes the employee has a disability.

### Disparate Treatment – Actual Disability

It is contrary to the Americans with Disabilities Act ("ADA") and the Minnesota Human Rights Act ("MHRA") to terminate an employee because of a disability. Accordingly, your verdict must be for plaintiff Mr. Lansdale and against defendant UPS if all of the following elements have been proven:

1. Mr. Lansdale had an alcohol-related disability;

2. Such disability substantially (ADA) or materially (MHRA) limited one or more major life activities of Mr. Lansdale;

3. Mr. Lansdale could have performed the essential functions of his Regional Sales Manager position at the time the defendant terminated Mr. Lansdale; and

4. UPS knew of Mr. Lansdale's alcohol-related disability and the disability was a motivating factor in UPS's termination of Mr. Lansdale.

If any of the above elements has not been proven, then your verdict must be for UPS.

If you find that Mr. Lansdale has proven the four numbered elements above, then, under the ADA, you must also consider whether Mr. Lansdale has proven by a preponderance of the evidence that UPS terminated Mr. Lansdale because of his

disability.  If you find that Mr. Lansdale has proven this, then your verdict must be for Mr. Lansdale.

If you find that Mr. Lansdale has proven the four numbered elements above but that he has not proven that UPS terminated him because of his disability, then, under the ADA, you must also consider whether UPS has proven by a preponderance of the evidence that it would have terminated Mr. Lansdale regardless of his disability.  If so, then your verdict must be for UPS.

### Disparate Treatment – Regarded Disability

It is also against the ADA and the MHRA to terminate an employee for a regarded disability, regardless of whether the disability actually existed.  Thus, your verdict must be for plaintiff Mr. Lansdale and against defendant UPS if all of the following elements have been proven:

1. UPS knew or believed Mr. Lansdale had an alcohol-related impairment;

2. Mr. Lansdale could have performed the essential functions of Regional Sales Manager at the time UPS terminated his employment; and

3. UPS's belief regarding Mr. Lansdale's alcohol-related impairment was a motivating factor in UPS's decision to terminate his employment.

If any of the above elements has not been proven, then your verdict must be for UPS.

If you find that Mr. Lansdale has proven the three numbered elements above, then, under the ADA, you must also consider whether Mr. Lansdale has proven by a preponderance of the evidence that UPS terminated Mr. Lansdale because it regarded him

as having a disability.  If you find that Mr. Lansdale has proven this, then your verdict must be for Mr. Lansdale.

If you find that Mr. Lansdale has proven the three numbered elements above but that he has not proven that UPS terminated him because it regarded him as having a disability, then, under the ADA, you must consider whether UPS has proven by a preponderance of the evidence that it would have terminated Mr. Lansdale even if it had not considered his regarded disability.

## 12.  DEFINITIONS

**"Disability"** is defined as 1) having a physical or mental impairment, including a mental or psychological disorder,   that substantially limits one or more major life activities of such individual; 2) having a record of such an impairment; or 3) being regarded as having such an impairment.

**"Major life activities"** can include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating and working.  Whether an activity is a 'major life activity' is not determined by reference to whether it is of central importance to daily life.

**"Substantially limits"** or **"materially limits"** should be determined by comparing Mr. Lansdale's ability to perform major life activities with that of the average person.  In deciding whether Mr. Lansdale's impairment substantially or materially limits his major life activities, you may consider the conditions under which Mr. Lansdale performs major life activities, the manner in which he performs them, and the length of time it takes him to perform them.  It is not the name of an impairment or a condition that matters, but rather the effect of an impairment or condition on the life of a particular person.

**"Regarded as"** having a disability is established by Mr. Lansdale by showing that he was subjected to an action prohibited by the ADA or MHRA because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

**"Motivating factor"** is defined as a reason, alone or with other reasons, on which UPS relied when it terminated Mr. Lansdale.   You may find that Mr. Lansdale's disability or regarded disability was a motivating factor in UPS's actions if it has been proven that UPS's stated reason(s) for the termination are not the real reason but are a pretext to hide disability or regarded disability discrimination.

## 13.  BUSINESS JUDGMENT

You may not return a verdict for Mr. Lansdale just because you might disagree with UPS's decision or believe it to be harsh or unreasonable.  An employer is entitled to make its own subjective personnel decisions and can discharge an employee for any reason that is not unlawful.  Rather, you may only find for Mr. Lansdale if he proves all the elements of his claim by a preponderance of the evidence.

An employer may hold an employee who is an alcoholic to the same qualification standards for employment or job performance and behavior that it holds other employees, even if any unsatisfactory performance or behavior is related to the alcoholism of such employee.

## 14.  UNLAWFUL DISABILITY-RELATED INQUIRY

Mr. Lansdale also claims that UPS subjected him to unlawful disability-related inquiries.  The ADA prohibits employers from making inquiries of an employee as to whether such employee has a disability or from making inquiries regarding the nature or severity of the disability.  The employee need not have been actually disabled for these inquiries to be unlawful.  However, such disability-related inquiries are not unlawful if they are proven to be job-related and consistent with business necessity.

Thus, you must consider whether Mr. Lansdale proved that:

1.  UPS made a  disability-related inquiry of Mr. Lansdale or a co-worker as to whether Mr. Lansdale had a disability or as to the nature or severity of his disability; and

2.  UPS's inquiries caused Mr. Lansdale's termination.

If you answer no to either of these questions, then your verdict must be for UPS.

If you answer yes to both of these questions, you must next consider whether UPS proved that its inquiries were job-related and consistent with business necessity.  If you determine that UPS proved that its inquiries were job-related and consistent with business necessity, then your verdict must be for UPS.

## 15. DEFINITIONS

**"Disability-related inquiry"** means an inquiry or a series of inquiries that is likely to elicit information about a disability, whether or not the person was disabled or regarded as disabled, such as asking about: whether they have or ever had a disability; how they became disabled; the nature or severity of a disability; or the kinds of prescription medications they are taking.

**"Job-related and Consistent with Business Necessity"** means that an inquiry was necessary to determine whether the employee could perform job-related duties when the employer could identify legitimate, non-discriminatory reasons to doubt the employee's capacity to perform his or her duties. An employer is permitted to use reasonable means to ascertain the cause of troubling behavior, however, the scope of the inquiry must be no more intrusive than necessary.

## 16.  DAMAGES

If you find that Mr. Lansdale has proven every element of either of his claims by a preponderance of the evidence, you must consider what amount of damages to award him.  By instructing you on damages, the Court is not suggesting which party should win, on any issue.  If you find that Mr. Lansdale has not proven every element of either of his claims, you do not need to consider these instructions on damages.

If you find in favor of Mr. Lansdale, you must award him whatever sum of lost wages, benefits, and emotional distress damages you find will fairly and justly compensate him for harm he suffered as a direct result of his termination by UPS.  Mr. Lansdale must prove damages by a preponderance of the evidence.

### (1)  Wages and Fringe Benefits

You must determine the amount of any wages and fringe benefits that Mr. Lansdale would have earned in his employment with UPS through the date of this verdict if he had not been discharged in March 2016.  In determining this amount, you must subtract the amount of earnings and benefits that Mr. Lansdale received from other employment during that time.  You must not consider any future lost income or benefits.

### (2)  Emotional Distress

You must determine the amount of any emotional distress or mental anguish damages that UPS caused to Mr. Lansdale.

In filling out the verdict form, you must enter separate amounts for each types of damages.  You must not include the same items in more than one category.

You must not engage in any speculation, guess, or conjecture, and you must not award damages by way of punishment or through sympathy.

## 17.  DUTY TO MITIGATE

You are also instructed that Mr. Lansdale has a duty under the law to "mitigate" his damages – that is, to exercise reasonable diligence under the circumstances to minimize damages by taking reasonable efforts to find other suitable employment. Therefore, if you find that Mr. Lansdale failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount that he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

The duty to mitigate does not require Mr. Lansdale to accept substantially different employment.  However, he must have diligently pursued similar work for similar wages.  The burden is on UPS to prove by a preponderance of the evidence that Mr. Lansdale did not mitigate his damages**.**

## 18.  PUNITIVE DAMAGES

In addition to the damages mentioned in the other instructions, both the MHRA and the ADA permit the jury under certain circumstances to award punitive damages.

Under the MHRA, if you find in favor of Mr. Lansdale on any of his MHRA claims, then you must decide whether he has proven by clear and convincing evidence that the defendant acted with deliberate disregard for Mr. Lansdale's right not to be discriminated against on the basis of a disability or regarded disability.

Under the MHRA punitive damages claim, the evidence must convince you that defendant acted with deliberate disregard for the rights or safety of others.  You must have a firm belief, or be convinced there is a high probability, that defendant acted this way.

"Deliberate disregard" means that defendant:

1. Knew about facts or intentionally ignored facts that created a high probability of injury to the rights or safety of others; and

2. Deliberately acted with conscious or intentional disregard or with malicious indifference to the high probability of injury to the rights or safety of others.

Under the ADA, if you find in favor of Mr. Lansdale on any of his claims, then you must decide whether Mr. Lansdale has proven by a preponderance of the evidence that UPS acted with malice or reckless indifference to Mr. Lansdale's right not to be discriminated against on the basis of a disability or regarded disability and not to be subjected to disability-related inquiries.  UPS acted with malice or reckless indifference if:

it has been proven that any agent of UPS who directed prohibited

disability-related questions to the plaintiff or to a co-worker of the

plaintiff or who terminated the plaintiff's employment knew that

such conduct was in violation of the law prohibiting disability

discrimination or acted with reckless disregard of that law.

However, you may not award punitive damages if it has been proven that UPS made a good-faith effort to comply with the law prohibiting disability discrimination.

If it has been proven that the defendant acted with malice or reckless indifference to the plaintiff's rights and did not make a good faith effort to comply with the law, then, in addition to any other damages to which you find the plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages for the purposes of punishing the defendant for engaging in such misconduct and deterring the defendant and others from engaging in such misconduct in the future.

In determining whether to award punitive damages, you should consider whether UPS's conduct was reprehensible.  In this regard, you may consider whether the harm suffered by Mr. Lansdale was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether UPS's conduct that harmed Mr. Lansdale also caused harm or posed a risk of harm to others; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed Mr. Lansdale.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How much harm UPS's wrongful conduct caused Mr. Lansdale or could cause him in the future.  You may not consider harm to others in deciding the amount of punitive damages to award.

2. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering UPS's financial condition, to punish UPS for its wrongful conduct toward Mr. Lansdale and to deter UPS and others from similar wrongful conduct in the future.

3. The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Mr. Lansdale.

## 19.  NOMINAL DAMAGES

If you find in favor of Mr. Lansdale but you find that his damages have no monetary value, then you must return a verdict for Mr. Lansdale in the nominal amount of One Dollar ($1.00).

## 20.  FINAL INSTRUCTIONS

When you conduct your deliberations and return your verdict, there are rules you must follow.

**First**, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your deliberations.

**Second**, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so while respecting individual judgment, because a verdict must be unanimous.

Each of you must make your own careful decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not change your opinion simply because other jurors think it is right, or simply in order to reach a verdict.  Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence presented in the case.

**Third**, if you need to communicate with the Court during your deliberations, you may send a note to me signed by one or more jurors.  You may hand the note to the marshal outside your door, and he will deliver it to me.  I will respond as soon as possible in writing.  While waiting for an answer, you should continue to deliberate.  Remember that you should not tell anyone during your deliberations how the jury stands, numerically or otherwise.

**Fourth**, your verdict must be based solely on the evidence and on the law which the Court has given to you in these instructions.  Nothing the Court will say or has said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

**Finally**, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.  When you return to the courtroom, the Court will read your verdict and make sure it is unanimous.