UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael L. Lansdale,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UPS Supply Chain Solutions, Inc.,<br><br>　　　　Defendant. | Court File No. 16-CV-04106 JRT-BRT<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS** |

# INTRODUCTION

Defendant UPS Supply Chain Solutions, Inc. ("UPS") was the prevailing party in this case, and it properly sought costs pursuant to Fed. R. Civ. P. 54(d) and LR 54.3. UPS should be awarded its taxable costs as submitted.

# ARGUMENT

**A.   UPS is entitled to costs as the prevailing party.**

UPS was the prevailing party under Rule 54, notwithstanding its voluntary dismissal of counterclaims. The central issues in this case were (1) whether UPS discriminated against Plaintiff Michael Lansdale when it terminated him from his employment, following an investigation into his corporate credit card use; and (2) whether UPS made impermissible inquiries regarding Lansdale's disability status. (*See, e.g.*, ECF 1-1; ECF 27; ECF 43). Lansdale's argument that UPS was not the prevailing party misconstrues the law, the record, and reality.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P.

54(d)(1). "A 'prevailing party' . . . is one 'in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000) (quoting *Black's Law Dictionary* 1145 (7th ed.1999)). Judgment here was entered in UPS's favor (ECF 381) rendering UPS the prevailing party.

UPS is also the prevailing party as a practical matter. Courts take a holistic approach to determining the prevailing party under Rule 54, looking at the case broadly and treating a party who prevails on material issues as the "prevailing party." *See, e.g.*, *Hillside Enters. v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995) ("Because Hillside won a larger judgment, it can logically be considered the prevailing party under the rule, and there was no abuse of discretion."); *see also Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014) ("A classic example of a case in which this discretion may appropriately be exercised is one in which a defendant, though losing on a counterclaim, succeeds in warding off a predominant claim." (citations omitted)); *Shum v. Intel Corp.*, 629 F.3d 1360, 1368-70 (Fed. Cir. 2010) (prevailing party defined by success on the central issue in the case); *Roberts v. Madigan*, 921 F.2d 1047, 1058 (10th Cir. 1990) ("[W]e conclude that the district court's decision to award costs to the party that prevailed on the vast majority of issues and on the issues truly contested at trial was not an abuse of discretion."); *Cedar Hill Hardware & Const. Supply, Inc. v. Ins. Corp. of Hannover*, No. 4:04CV743-DJS, 2006 WL 2862145, at *2 (E.D. Mo. Oct. 4, 2006), *aff'd*, 563 F.3d 329 (8th Cir. 2009) ("[A] claimant who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." (internal

quotation omitted))); *Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825 (D. Md. 2005) (refusing to consider defendant prevailing party where plaintiff prevailed on much more significant claims at trial). As the *Green* court stated:

> Determining who is the prevailing party for the purpose of taxing costs is not a purely arithmetic exercise. The court must do more than merely count and contrast the number of claims on which each side prevailed. Substance ought to triumph over form, and a mixed result does not preclude the trial court from awarding costs to the party whom it reasonably determines carried the day.

775 F.3d at 28-29.

Here, the record clearly establishes UPS as the prevailing party on the significant issues, despite Lansdale's disingenuous attempt to paint a contrary picture. In this lawsuit, Lansdale alleged that he was wrongfully terminated after a routine company-wide audit revealed anomalies with his corporate credit card account. Lansdale claimed he did not misuse his corporate credit card and that he was terminated because of an actual or perceived disability. That Lansdale's barebones complaint contained only two counts is not relevant; the key question is which issues were central as a substantive matter.[1]

UPS naming six counts in its counterclaim also is not relevant to the inquiry. Those six counts fall into two groups, each focused on one of two specific factual issues:

---

[1] Lansdale's representation that he brought only two counts is also misleading. Despite the language in the Complaint, Lansdale aggressively litigated six claims, five of which were submitted to the jury as individual claims, and the last of which was dismissed in UPS's favor at summary judgment. (*See* ECF 237; ECF 377; *see also* Third Riskin Aff. ¶2.). If the test were simply balancing the actual number of claims and their results, UPS prevailing on six claims on the merits would trump Lansdale prevailing on six claims by default as a result of UPS's voluntary dismissal.

3

(1) did Lansdale owe UPS money for amounts UPS paid to American Express on his behalf (Counts I-III); and (2) did Lansdale owe UPS for unaccrued vacation days he used prior to termination (Counts IV-VI). (*See* ECF 5.) The same facts applied to each set of claims; the difference was in legal theory only.

UPS's counterclaims were secondary to the case, and there was little to no independent discovery related to either issue. (Third Riskin Aff. ¶3.) Key witnesses for Lansdale's claims included UPS's Security Investigator, Human Resources Supervisor, and Director of Sales, each of whom Lansdale deposed. (*Id.* ¶4) As part of building his claims, Lansdale aggressively attacked the investigation leading to his termination. (*Id.*) Any discovery Lansdale conducted relevant to Counts I-III of UPS's counterclaims was therefore also—if not primarily—relevant to his claims. (*Id.*) Lansdale's vacation pay was a tangential issue that was the subject of very limited discovery. (*Id.* ¶¶3, 5.) Lansdale did not seek any other depositions, including that he did not seek depositions related to vacation time. (*Id.* ¶5.)

The parties filed cross-motions for summary judgment, with arguments presented on only Lansdale's claims. (*See* ECF 27; ECF 43.) Meaning, though Lansdale filed his own summary judgment motion, he did <u>not</u> seek summary judgment on any of the counterclaims. UPS was granted summary judgment on one of Lansdale's claims, with the remaining claims being allowed to proceed. (*See* ECF 237.) Combined, the counterclaims were worth less than $10,000. (*See* ECF 5; Third Riskin Aff. ¶6.) In contrast, Lansdale sought upwards of $500,000 at trial. (Third Riskfin Aff. ¶7.) As a

4

matter of litigation strategy, and after providing notice to Lansdale, UPS moved to dismiss its counterclaims on the day it submitted other pre-trial filings. (*Id.* ¶8.)

Each of the witnesses deposed in the case testified at trial, with their testimony generally covering all topics from their depositions. (*Id.* ¶4.) Lansdale asked UPS witnesses the same questions, in substance, as those asked during depositions. (*Id.*) Although Lansdale included only two generalized counts in his complaint, the jury was given a five-claim verdict form. (*See* ECF 377.) The jury rendered a verdict in UPS's favor on all counts, and the Court entered judgment for UPS. (*Id.*; ECF 381.)

Lansdale confuses the issues by arguing that UPS's voluntary dismissal of its counterclaims somehow cancels out UPS's victory at trial. In some cases, parties' respective victories can result in there being no prevailing party; but that is not the case here, where UPS prevailed on the central issues in dispute. *See Green*, 775 F.3d at 28-29. Beyond that, the cases cited by Lansdale are distinguishable. First, they all involve attorneys' fees arising from separate contractual and statutory duties, not costs under Rule 54. *See, e.g.*, *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1646 (2016) (addressing legal standard for prevailing defendant for purposes of Title VII's fee-shifting mechanism); *E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 906 (8th Cir. 2016) (determining that plaintiff was not a prevailing party for purposes of fee-shifting under the Lanham Act, where "[e]ach party brought virtually identical claims with respect to

the same trademark, and neither was successful");[2] *S. Wine & Spirits of Nevada v. Mountain Valley Spring Co.*, LLC, 712 F.3d 397, 399-401 (8th Cir. 2013) (finding no abuse of discretion where district court declined to award attorneys' fees and costs to either party after each party prevailed on significant issues, applying Nevada contract law and Arkansas statute but not Rule 54). These cases are therefore inapplicable. *See Milliman v. Cty. of Stearns*, No. CIV. 11-3636 JRT/LIB, 2013 WL 1687710, at *2 (D. Minn. Mar. 29, 2013), *report and recommendation adopted*, 2013 WL 1687707 (D. Minn. Apr. 18, 2013) ("*Keene*, in which the Eighth Circuit denied an award of attorneys' fees under 42 U.S.C. § 1988, has no bearing in the present case, where the State Defendants sought, and were awarded, costs under Fed.R.Civ.P. 54(d).").

But even if cases determining "prevailing parties" in other contexts were applicable, such cases support UPS's request. *See, e.g.*, *DocMagic, Inc. v. Mortg. P'ship of Am., L.L.C.*, 729 F.3d 808, 813 (8th Cir. 2013) (considering "main-issue" and "net-prevailing-party" analyses, one looking at which party prevailed on the central issues and the other focusing on the net arithmetic result); *Salitros v. Chrysler Corp.*, 306 F.3d 562, 577 (8th Cir. 2002) (affirming grant of costs and attorneys' fees to plaintiff who succeeded on only some claims and affirming the district court's decision not to reduce the award, where "[t]he magistrate judge considered this argument and concluded that the claims shared a common core of facts and therefore the fees should not be reduced for failure to prevail on every theory"); *see also Barkley, Inc. v. Gabriel Bros., Inc.*, 829 F.3d

---

[2] The *E. Iowa Plastics* court engaged in a "prevailing party analysis" on a claim-by-claim basis, with an express acknowledgment that the plaintiff might be able to obtain attorney's fees on one claim, pending resolution on remand. 832 F.3d at 907-08.

6

1030, 1043 (8th Cir. 2016) ("A prevailing party [for purposes of assessing attorney's fees under a contract] is the party prevailing on the main issue in dispute." (internal quotation omitted)); 10 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2667 (4th ed. 2018) ("A party who is only partially successful also can be deemed a prevailing party. Consequently, a claimant who has obtained some relief usually will be regarded as the prevailing party even though the party has not sustained all his claims.").

Using the two methods of analysis outlined by the *DocMagic* court, UPS is clearly the prevailing party. The main issue in dispute was the lawfulness of Lansdale's termination. Lansdale first filed a charge of discrimination with the EEOC regarding alleged disability discrimination. (*See* ECF 1-1, ¶8.) He then initiated this lawsuit on those same claims. (*See id.*). The parties vigorously engaged in discovery regarding Lansdale's claims, including taking depositions, and serving and responding to written discovery. (Third Riskin Aff. ¶5.) The parties filed cross-motions for summary judgment regarding Lansdale's—only Lansdale's—claims. (*See, e.g.*, ECF 27; ECF 43.) And the claims presented over nearly a dozen days of trial were Lansdale's alone. (Third Riskin Aff. ¶¶2, 8.) UPS fired Lansdale because it believed Lansdale engaged in misconduct with regards to his corporate credit card. Its counterclaims presented narrow issues: whether Lansdale's misconduct was so bad that, in addition to supporting termination, it resulted in Lansdale owing UPS money; and whether Lansdale owed UPS money for vacation days he used before accruing. UPS prevailed on the merits of Lansdale's claims, which were the central claims at issue.

UPS is also the prevailing party under *DocMagic*'s net-prevailing-party analysis. This analysis simply weighs the value of the claims against each other. Here, UPS defeated Lansdale in his quest for over half a million dollars. In contrast, UPS voluntarily gave up claims worth less than $10,000. Even if Lansdale can be considered to have prevailed on those claims, his success is dwarfed by UPS's.

As the prevailing party, UPS is presumptively entitled to costs. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015). Lansdale bears the burden of overcoming this presumption.[3] *Id.*

**B.  UPS is entitled to costs for copies of deposition transcripts.**

Fees for deposition transcripts are taxable if the "transcripts [were] necessarily obtained for use in the case." 28 U.S.C. § 1920; *see also Bill of Costs Guide*, United States District Court for the District of Minnesota, p. 5, http://www.mnd.uscourts.gov/FORMS/Clerks_Office/Bill-of-Costs-Guide.pdf (last accessed March 27, 2019) (hereinafter "Bill of Costs Guide"). Although "the most direct evidence of 'necessity' is if the transcript was used in the court proceeding," the recovery of deposition costs does not depend on the actual use of the depositions before the Court. *Shimek v. Michael Weinig AG*, 2003 WL 328038, *3 (D. Minn. 2003) (citing *Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994)). Rather, the "costs of transcripts not

---

[3] In its Bill of Costs, UPS sought taxation of state court filing fees (*see* ECF 389; ECF 390-1), which is supported by *Porter v. McDonough*, No. CIV. 09-2536 RHK/SER, 2011 WL 821181 (D. Minn. Mar. 2, 2011). *Porter* relied on a previous version of the Bill of Costs Guide, and the language regarding state filing fees does not appear in the current Bill of Costs Guide. *See* http://www.mnd.uscourts.gov/FORMS/Clerks_Office/Bill-of-Costs-Guide.pdf. UPS therefore withdraws its request for $329 in state filing fees.

used in the court proceeding may nonetheless be taxable if the deposition appeared reasonably necessary to the parties when it was taken." *Shimek*, 2003 WL 328038, at *3; *see also Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995). Where a deponent later testifies at trial, the deposition is necessary and taxable. *See Flint Hills Res. LP v. Lovegreen Turbine Servs., Inc.*, No. CIV. 04-4699 JRT/FLN, 2008 WL 4527816, at *12 (D. Minn. Sept. 29, 2008); *see also* Bill of Costs Guide, p. 5.

The deposition transcripts of Michael Lansdale, Lisa Lansdale, Herman Gonzales, Erika Faifer, Cristen Florence, and Dr. Troy Scott were all necessarily obtained for use in the case. (*See* ECF 390.) Each of these witnesses was critical to the case, as either a key actor in the events or as someone with unique knowledge regarding Lansdale's claims. (Third Riskin Aff., ¶9.) Each witness testified at trial, and the depositions appeared reasonably necessary when taken. (*Id.*) Accordingly, the transcript costs are taxable to Lansdale. Bill of Costs Guide, p. 5.

Finally, contrary to Lansdale's implications, UPS's entitlement to costs for deposition transcripts is not dependent on which party noticed the deposition. *See DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 243 (N.D. Ga. 1993) ("[T]he prevailing party is entitled to recover the costs of one copy of all depositions necessarily obtained for use in [the] case regardless of which party took the depositions."); *Bd. of Directors, Water's Edge v. Anden Grp.*, 135 F.R.D. 129, 135 (E.D. Va. 1991) (same); *Buehrle v. City of O'Fallon*, No. 4:10CV00509AGF, 2012 WL 579473, at *2-*3 (E.D. Mo. Feb. 22, 2012) (awarding defendant costs for all depositions, because "fees for electronic copies

4834-0578-5742

are explicitly referenced as covered fees pursuant to 28 U.S.C. § 1920(2), and both parties requested electronic copies").

**C.      UPS is entitled to costs and expenses of employee witnesses.**

   1.      Employees are not "parties."

Lansdale objects to taxation of costs related to witnesses who are UPS employees, on the grounds that "fees and expenses of parties are non-taxable witness fees." (Pl.'s Objections, ECF 393, at 8.) But employees of a party are not—unless acting in a corporate representative capacity—parties themselves. *See Am. Steel Works v. Hurley Const. Co*, 46 F.R.D. 465, 469 (D. Minn. 1969); *see also Kemart Corp. v. Printing Arts Research Labs., Inc.*, 232 F.2d 897, 901-02 (9th Cir. 1956) (taxing costs where corporate officers testified as fact witnesses, not as representatives of the corporation); *Owens v. Sprint/United Mgmt. Co.*, No. 03-2371-JWL, 2005 WL 147419, at *2 (D. Kan. Jan. 21, 2005) ("[T]o the extent plaintiff suggests that the fees are otherwise inappropriate in light of the witnesses' status as defendant's employees, that argument is rejected."); *NY Flour Distribs., Inc. v. Cargill Flour Milling*, No. 93 CV 0076 (FB), 1996 WL 19185, *1 (E.D.N.Y. Jan. 12, 1996) (rejecting argument "that an employee of a corporate party is considered a party" for purposes of taxing witness costs); *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 36 (N.D.N.Y. 1994) ("[T]hese witnesses may not be denied fees simply because they are employees of the defendant."); *Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, No. 00 C 7620, 2004 WL 557388, *5-*6 (N.D. Ill. Mar. 22, 2004) (taxing costs for witness employees who were also corporate officers); *Green Const. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 679 (D. Kan. 1994)

4834-0578-5742

("Consequently, Green will not be denied witness fees for these three individuals on the basis that they are corporate officers and employees."); *Simmons v. McLean Trucking Co.*, 100 F.R.D. 61, 63 (N.D. Ga. 1983) (taxing costs for days on which corporate representative testified only, but not when corporate representative served in representative capacity).

In *American Steel Works*, this Court permitted attendance and subsistence fees for three witnesses, each employees of the prevailing party. 46 F.R.D. at 467-69. In discussing one such employee, the Court specifically stated: "Nor is there any evidence that this witness was an officer of Cadillac or managing agent or in charge of this litigation so that his fees would not properly be the subject for taxation of cost." *Id.* at 468.

Here too, the costs UPS seeks for employee witnesses are due to their participation as witnesses, not as representatives of the corporation. The sole witness who attended trial in a representative capacity was Cris Florence, and UPS explicitly seeks costs only for the one day on which he testified during Lansdale's case, not for any of the rest of his time at trial. (*See* ECF 390, ¶15.) The remaining employee witnesses all fall within the definition of witness under 28 U.S.C. §1821.

    2.    <u>The witness costs UPS seeks are taxable.</u>

Under §1821, "a witness in attendance at any court of the United States . . . shall be paid an attendance fee of $40 per day for each day's attendance," as well as an "attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such

11

attendance." 28 U.S.C. § 1821 (a)(1) and (b). Section 1821 further provides that a witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence. *Id.* para. (c). Common carrier travel expenses are taxable. *See* Bill of Costs Guide, p. 7. Finally, witnesses are entitled to a subsistence allowance when an overnight stay is required. 28 U.S.C. §1821 (d). A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5 U.S.C. § 5702. The subsistence allowance prescribed by section 5702 in January 2019 was $135 per night. *See FY 2019 Per Diem Rates for Minnesota*, GSA.GOV, https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=MS&fiscal_year=2019&zip=55402&city= (last accessed March 27, 2019).

The witness costs UPS seeks are all taxable. Robert Delaney is the sole UPS witness who did not travel from out-of-state.[4] UPS otherwise seeks standard witness costs, such as witness fees, common carrier fees, and subsistence for nights spent in hotels. As to Herman Gonzales, Lansdale's attorney repeatedly insisted that Gonzales be present in Minnesota and prepared to testify on Friday, January 4, 2019, despite repeated assertions by UPS's counsel that it did not believe there would be time for Gonzales to begin testifying prior to January 7, 2019. (*See* ECF 390, ¶16.) Counsel also discussed

---

[4] Elaine Penas traveled from Kansas City, Missouri, but UPS is not seeking reimbursement for her mileage. (*See* ECF 390, ¶19.)

witness availability on several other occasions, including in open court. UPS made every attempt to honor Lansdale's preferred order for witness testimony and made witnesses available whenever possible in that order. (*Id.* ¶¶8-10; Third Riskin Aff. ¶10.) Angelina Brewer and Jeff LaMaster both traveled to Minnesota to be present as initially requested by Lansdale, and both were required to travel a second time when trial delays prevented them from testifying as originally scheduled. (ECF 390, ¶¶11, 18.) Whether it relates to Gonzales, Brewer, LaMaster, or any of the other witnesses Lansdale complains of, UPS's costs are taxable.[5,6] *See Am. Steel Works v. Hurley Const. Co*, 46 F.R.D. 465, 468 (D. Minn. 1969) ("Witness fees are not limited to days of actual testimony. Fees may be taxed for days that the witness is reasonably and necessarily present at trial. This includes in appropriate cases also time spent in travel to and from the place of trial, delays and temporary adjournments.").

**D.    UPS is entitled to costs for Dr. Scott's fees.**

The Eighth Circuit permits taxation of fees paid to the other party's expert witness for time spent in responding to discovery. *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464–65 (8th Cir. 2015); *Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000); *see also Buehrle v. City of O'Fallon*, No. 4:10CV00509AGF, 2012 WL 579473, *3 (E.D. Mo. Feb. 22, 2012). In *Stanley*, the court

---

[5] The Second Affidavit of Sarah B. Riskin erroneously states that UPS is seeking seven nights' subsistence for Erika Faifer. UPS only seeks costs for the three nights reflected in Exhibit G. (*See* ECF 390-1.)

[6] Lansdale presents no authority for his argument that UPS is not entitled to costs for witnesses only UPS called, such as Ron Jordan and Brian Winter, and §1821 makes no distinction. In any event, each witness UPS called was initially identified by Lansdale for Lansdale's case-in-chief.

reasoned that Rule 26 requires such compensation and, therefore, Rule 26 provides the authorization for taxation required by §1920. 784 F.3d at 464-65. The same rationale applies to compensation paid under Rule 45. UPS subpoenaed Dr. Scott after counsel for Lansdale indicated he was having difficulty securing Dr. Scott's attendance at trial, and Dr. Scott demanded payment under Rule 45. (ECF 390, ¶7; Third Riskin Aff. ¶11.) Such amounts are properly taxable.

## CONCLUSION

UPS was the prevailing party under Rule 54, and the costs it seeks are properly taxable under Rule 54. UPS respectfully asks for all costs to be taxed, to the maximum extent permitted by law.

NILAN JOHNSON LEWIS PA

Dated:  March 28, 2019          By:  */s/ Sarah B. Riskin*
                                Donald M. Lewis (#62844)
                                Joseph G. Schmitt (#231447)
                                Sarah B. Riskin (#0388870)
                                Jason P. Hungerford (#0395908)
                                120 South Sixth Street, Suite 400
                                Minneapolis, MN 55402
                                Telephone: (612) 305-7500
                                Fax: (612) 305-7501
                                jschmitt@nilanjohnson.com
                                dlewis@nilanjohnson.com
                                sriskin@nilanjohnson.com
                                jhungerford@nilanjohnson.com

                                ATTORNEYS FOR DEFENDANT