UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael L. Lansdale, | Court File No. 16-CV-04106 JRT-BRT |
| Plaintiff, | |
| v. | **THIRD AFFIDAVIT OF SARAH B. RISKIN** |
| UPS Supply Chain Solutions, Inc., | |
| Defendant. | |

STATE OF MINNESOTA )
                    ) SS:
COUNTY OF HENNEPIN  )

Sarah B. Riskin, being first duly sworn upon oath, deposes and states as follows:

1.      I am an attorney with the law firm of Nilan Johnson Lewis PA, which represents Defendant UPS Supply Chain Solutions, Inc. ("UPS") in the above-captioned matter.  I make this Affidavit based upon my own personal knowledge.

2.      Although the Complaint in this case contains only two "counts," as a practical matter, the parties litigated at least six: disability discrimination because of an actual disability under the Americans with Disabilities Act ("ADA"), disability discrimination because of a perceived disability under the ADA, disability discrimination because of an actual disability under the Minnesota Human Rights Act ("MHRA"), disability discrimination because of a perceived disability under the MHRA, unlawful disability-related inquiries under the ADA, and unlawful disability-related inquiries under the MHRA. These claims were the subject of discovery and briefing on summary

4848-7482-9967

judgment. The last of the claims was dismissed at summary judgment, and the remaining claims were presented to the jury.

3. UPS's counterclaims were secondary to the case. There was little to no discovery on UPS's counterclaims specifically. For example, Lansdale served interrogatories asking for UPS's factual contentions regarding several allegations in the Complaint. Lansdale also served interrogatories asking for the factual contentions underlying allegations in the counterclaim. UPS's responses to the interrogatories regarding the counterclaim directed Lansdale to UPS's responses to the interrogatories regarding Lansdale's allegations.

4. Key witnesses for Lansdale's claims included UPS Security Investigator Erika Faifer, Human Resources Supervisor Herman Gonzales, and Director of Sales Cris Florence. Lansdale deposed each of these witnesses. During these depositions, in briefing, and at trial, Lansdale attacked the quality of UPS's investigation into his credit card use. He repeatedly asked questions of all deponents that were plainly designed to reveal flaws in the investigation. Because Counts I-III of UPS's counterclaim all focused on allegations regarding Lansdale improperly submitting amounts for reimbursement that UPS paid but should not have, these questions were also relevant to the counterclaims. They were primarily relevant to Lansdale's claims, though, as evidenced by the fact that they were asked at trial as well. Each of the three witnesses testified at trial and their testimony generally covered all topics from their depositions.

4848-7482-9967

5. Lansdale did not take any other depositions, and neither party took any depositions specific to UPS's counterclaims regarding vacation pay. Lansdale took very limited discovery regarding UPS's vacation policy or UPS's claims regarding his vacation. The parties otherwise engaged in discovery regarding Lansdale's claims, including both parties taking depositions and serving and responding to written discovery.

6. UPS did not articulate a specific value of Counts I-III of its counterclaim, although it alleged that there were "72 questionable charges, 26 charges that conflicted with expenses listed by other employees, and one charge that fell into both categories, for a total in excess of $4,000." (ECF 5, Counterclaim, ¶20.) UPS also alleged that the value of unearned vacation time Lansdale took was in excess of $1,700. (*Id.* ¶30.) To the best of my knowledge, the combined value of UPS's counterclaims was likely less than $10,000.

7. On November 20, 2018, a little more than a month before trial, Lansdale served Plaintiff's Second Supplemental Initial Disclosures. In them, he estimated his damages, through December 31, 2018, to be $752,578.08, including $225,000 in attorney's fees and costs. To the best of my recollection, at trial, Lansdale asked the jury to award him in excess of $500,000.

8. UPS decided to dismiss its counterclaims in their entirety as a matter of litigation strategy. I communicated this decision to counsel for Mr. Lansdale a week or

two before UPS submitted its motion for dismissal. UPS moved to dismiss its counterclaims on the day it submitted other pre-trial filings.

9. The witnesses for whom UPS is seeking deposition costs were all necessary to the case. They each testified at trial and were critical to the case, either because they were involved in the events central to the dispute or because they have unique knowledge regarding Lansdale's claims. Lansdale's wife and Dr. Troy Scott, for instance, both have knowledge regarding Lansdale's allegations that he had an alcohol-related disability. They also have unique knowledge regarding Lansdale's claimed emotional distress. Each of the witnesses deposed in this case—whether deposed by Lansdale or by UPS—testified at trial. At the time of their depositions, and when UPS ordered deposition transcripts, UPS believed the depositions to be reasonably necessary.

10. UPS made every effort to accommodate Lansdale's requests for witnesses to be present in the order he wished to present his case. UPS therefore ensured witnesses were in town and available as requested, whenever possible.

11. When discussing the timing for Dr. Scott's testimony, counsel for Lansdale indicated he was having difficulty obtaining a commitment from Dr. Scott. Therefore, after discussing the matter with counsel for Lansdale, UPS issued a subpoena to Dr. Scott. Through his counsel, Dr. Scott then demanded payment of reasonable fees for his attendance.

4848-7482-9967

FURTHER YOUR AFFIANT SAITH NOT.

                                                    */s/ Sarah B. Riskin*
                                                    Sarah B. Riskin

Subscribed and sworn to before me
this 28th day of March, 2019.

*/s/ Brenda DeRemer*
Notary Public, State of Minnesota
My commission expires: 1/31/2020

5

4848-7482-9967